MARGARET ROONEY *vs.* F. W. WOOLWORTH ET AL.

Third Judicial District, Bridgeport, April Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Where the specific facts are found and detailed upon the record, the question whether one injured on the premises of another was there as a mere licensee, or upon the implied invitation of the owner, is a question of law.

In the present case the plaintiff, after buying certain articles, left the defendant's store by a door in the rear opening into an unlighted alley which was usually incumbered with boxes and barrels, and was seriously injured by falling into an uncovered hoistway. Said door was intended for use by expressmen and deliverymen, but had frequently been used by the plaintiff, and more or less by others, in passing in and out of the store. *Held* that upon these facts, and others stated in the finding, the trial court erred in ruling that the plaintiff was using this exit upon the implied invitation of the defendant rather than as a mere licensee.

At the end of the finding the trial judge stated that if the facts therein recited did not establish the conclusion of an implied invitation, he should hold that they did create a license under which the defendant would still be liable. *Held* that this hypothetical statement was not such an adjudication of the facts as could be reviewed by this court on appeal.

Argued April 13th—decided June 6th, 1902.

ACTION to recover damages for personal injuries claimed to have been caused by the negligence of the defendants, brought to the District Court of Waterbury and thence by the defendants' appeal to the Superior Court in New Haven County and heard in damages to the court, *George W.*

Rooney v. Woolworth et al.

*Wheeler, J. ;* facts found and judgment rendered for the plaintiff for $4,000, and appeal by the defendants for alleged errors in the rulings and conclusions of the court. *Error and new trial granted.*

Since September, 1898, the defendants have carried on a retail mercantile business in the city of Waterbury, in a building on the corner of Bank Street and Harrison Avenue, which opens in the rear on a passway somewhat used by the public, and especially by the stores fronting on Bank Street and extending to it, affording an entrance and exit for goods. This alley or passway in the rear of the store was a good deal of the time incumbered with boxes and barrels prior to the accident. The main entrance for the public was on Bank Street, and was used by nearly all of the defendants' customers, and at the time of the accident was in a safe condition. At the rear of the defendants' store was a door opening upon an excavation about six feet in length and width, and about ten feet deep, which was used by the defendants as a hoisting way a portion of nearly every business day, and sometimes nearly all day, to raise and lower goods from and into the basement room beneath the store. Over this hoistway was an iron door composed of two parts, each designed to be closed over the hoistway when it was not in use, and when so closed formed a part of the surface of said passway, and was safe to walk on, being substantially on a level with it, and four or five inches below the bottom of said rear door.

On June 17th, 1899, about 9 o'clock in the evening, the plaintiff entered the store at its main entrance on Bank Street, for the purpose of making certain purchases. After buying something she made her way to the rear door, opened the north half of it, and looking straight ahead, stepped therefrom and immediately fell to the bottom of said hoistway and was severely injured. She had frequently used said rear door to leave said store, generally on Saturday nights when the store was crowded, for about a year, to go to her place of employment, as this was for her the most convenient way home. She did not know of the hoistway, and had never thought of the covering, and had never seen the iron doors covering it

opened, nor the excavation beneath, nor that it was danger-
ous to leave the store by this door. Before she began using
said rear door the plaintiff asked one of the defendants'
clerks if she might leave the store by said door, and on being
informed she might, left the store in this way, and so long
as she used this door for exit or ingress she was never stopped,
warned, or cautioned about such use. She had seen other
people going in and out this door for a long time.

*Edwin S. Hunt* and *Wilson H. Pierce*, for the appellants
(defendants).

*Albert P. Bradstreet*, for the appellee (plaintiff).

HALL, J. It was a question at the hearing in damages in
this case whether the plaintiff, at the time she was injured,
was, as claimed by her, using the door and passway, at the
rear of the defendants' store, upon their implied invitation,
or whether, as claimed by the defendants, she was using them
as a mere licensee.

The facts upon which this question was decided by the
trial court, as well as those bearing upon the question of the
defendants' negligence and the plaintiff's contributory negli-
gence, are fully set forth in the record; and drawings of the
plan of the store, and a map showing the hoistway and alley,
are also attached to the finding.

As conclusions from these facts the trial judge says at the
close of his finding for the appeal, and also of the finding upon
which the judgment is based: "Upon the foregoing facts I
find, (*a*) that the defendants have not proved either contrib-
utory negligence of plaintiff, or their own freedom from the
negligence alleged; (*b*) that the plaintiff was using said door
at the time of the accident under an implied invitation of the
defendants to her and the public to so use it; (*c*) that the de-
fendants were negligent in leaving said excavation open: in
not warning the plaintiff and the public against said use, and
apprising them of the danger; in not protecting her by bar-
rier, guard, or light, so that plaintiff might not pass into said

excavation; (d) that plaintiff did not contribute to her injuries by her own negligence."

To such statement of conclusions there is added in both of said findings, the following: "In case the facts do not establish the conclusion found, of an implied invitation to use this door, I should hold that the license given under the circumstances of this case established a liability."

The conclusion of the trial court upon the special facts found, that the plaintiff at the time of the accident was using the door under an implied invitation of the defendants to her and the public to so use it, is a conclusion of law reviewable by this court. *Winsted Hoisery Co.* v. *New Britain Knitting Co.*, 69 Conn. 565, 575; *Pomponio* v. *New York, N. H. & H. R. Co.*, 66 id. 528, 537.

Whether the plaintiff was so using the door under an implied invitation, or was using it as a mere licensee, became an important inquiry upon the trial, since upon the determination of that question largely depended the decision of the material questions of the defendants' negligence and the plaintiff's contributory negligence.

The duties and obligations which the law imposes upon the parties are usually essentially different in the two cases. Facts showing a failure of the owner to perform his legal duty to maintain his premises in a reasonably safe condition for one using them under an implied invitation, may be wholly insufficient to show negligence of such owner toward a mere licensee; and facts showing the exercise of due care by such invited person, in using such premises, may be insufficient to show the exercise of reasonable caution by one using them only by license.

"A licensee must take the premises as he finds them, and the owner is not, as to him, bound to use care and diligence to keep the premises safe; while he does owe such a duty to one using his premises upon invitation. . . . But while this is so, it is also true that the landowner must not himself, by what has been called 'his own active negligence,' injure either the licensee or the party invited, while they are upon his land. This is a duty due to both equally. Toward both, in this

respect, he is bound to exercise the same amount of care." *Pomponio* v. *New York, N. H. & H. R. Co.*, 66 Conn. 528, 537, 538; *Crogan* v. *Schiele*, 53 id. 186, 202; *Sweeney* v. *Old Colony R. Co.*, 10 Allen, 368, 373; *Plummer* v. *Dill*, 156 Mass. 426.

In determining whether the plaintiff, in passing out of this back door in the evening into an unlighted alley, "looking straight ahead" and stepping into a dark hoistway, was in the exercise of that reasonable caution which the law required, it became important for the court below to consider whether she so used this door and passway because she was induced to believe that it was intended for the use of the public, as customers of the store—and so had "a right to proceed upon the assumption that guards against dangers were provided coextensive with the apparent purpose and use of the way"—(*Crogan* v. *Schiele*, 53 Conn. 186, 203), or whether, by permission of the defendants, she was using it for her own convenience.

Upon the facts before us the conclusion of the trial court upon this question—that the plaintiff when injured was using the door under an implied invitation—was erroneous.

Obviously, the doors for the use of customers were those in front of the store, opening upon the street, and through which the plaintiff entered the store on the evening of the accident. The door by which she left the store was intended for the use of expressmen and deliverymen, although it was to some extent used by others for their own convenience. It was in the rear of the store and opened into an alley back of the store, which was usually incumbered with boxes and barrels, and which was not lighted. One half of this double door was kept securely closed. The other half, through which the plaintiff passed, was about two feet wide. To reach it from the inside of the store a customer was required to pass to the rear of the store and through a narrow space between a counter and the cashier's desk, in which space was a radiator and a fire pail, rendering the passageway at the narrowest place not much more than a foot wide, and thence up "three rather steep steps," back of the counter, to the door, the unlocked side of which swung into the store.

Rooney v. Woolworth et al.

That the appearance of this door and its surroundings, both outside and inside of the store, did not indicate to the plaintiff that it was intended for the use of customers, is evidenced by the fact that before she began using it she asked permission of one of the defendants' clerks to go out by that door.

We think the facts found plainly show that the plaintiff used this door for her own convenience, and not because she was led to believe from the arrangement of the store, and the condition of the premises, or from any act of the defendants, that it was designed for the use of the customers of the store.

It seems to us upon an examination of the entire record, that in reaching the conclusion, upon the facts found, that the defendant was negligent, and that the ": plaintiff did not contribute to her injuries by her own negligence," the trial court has measured the conduct of the parties by applying the rule of reasonable care and caution to persons sustaining toward each other that relation which exists between the owner or occupant of premises and one using them upon an implied invitation, and not to those whose only relation was that of owner and licensee.

We do not regard the hypothetical statement of the judge in the finding—that he should hold that the license given established a liability in case the facts did not establish an implied invitation—such an adjudication of negligence upon the part of the defendants toward the plaintiff as a licensee, and of the plaintiff's freedom from negligence of such licensee, as will justify us in deciding whether such conclusions could properly be reached upon the facts before us.

A new trial is therefore granted, upon the ground that the trial court erred in holding that the plaintiff, at the time of the accident, was using the door in question "under an implied invitation of defendants to her and the public to so use it."

Error and new trial granted.

In this opinion the other judges concurred.