Points Decided.

(No. 4599.   October 24, 1927.)

# HENRY C. WILLIAMSON, Respondent, v. H. R. NEITZEL, Appellant.

[260 Pac. 689.]

NEGLIGENCE—"INVITEE" DEFINED—DUTY OF PROPRIETOR TO EXERCISE REASONABLE CARE—LIMIT, PREMISES AS TO ACTUAL CONDUCT OF BUSINESS—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

1.  One who enters a place of business to make a purchase is an "invitee," and not a mere licensee.

2.  To one who enters a place of business under the proprietor's implied invitation of the public for purpose of dealing with him in any line of business there conducted, the proprietor owes a duty of maintaining the premises in a reasonably safe condition and of exercising reasonable care in protecting him from injury.

3.  The duty of a proprietor to exercise reasonable care toward an invitee applies only to that portion of the premises used for the actual conduct of his business.

4.  A general definition of "contributory negligence" is the doing, or the omitting to do, that which under the circumstances a reasonable man would not have done, or would not have omitted to do, to avoid any injury resulting to him from the negligence of another.

5.  That question of contributory negligence, generally one for the jury, may become one of law, authorizing granting motion for nonsuit, the evidence must be reasonably susceptible of no other interpretation than that the conduct of the injured person contributed to his injury, and that he did not act as a reasonably prudent person would have acted under like circumstances.

6.  Whether one who entered an automobile establishment for the first time to make a purchase, and who, while looking for someone to serve him, walked along an unobstructed but dimly lighted passageway and into an unguarded elevator shaft, was in the part of the premises to which his invitation extended

and was guilty of contributory negligence, *held,* under the facts and circumstances, to be questions for the jury.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Dana E. Brinck, Judge.

Action for damages for personal injuries. Judgment for plaintiff. *Affirmed.*

Wm. B. Davidson, for Appellant.

"The keeper of a public place of business is bound to keep his premises and the passageways to and from it in safe condition, and to use ordinary care to avoid accidents or injury to those properly entering the premises on business; but this rule only applies to such parts of the building as are used in connection with the business portion thereof, and not such parts as are used for private purposes of the owner, to which the party injured was not invited or lured to enter." (*Schmidt v. Bauer,* 80 Cal. 565, 22 Pac. 256, 5 L. R. A. 580.)

"The duty of the owner of a place of business to one entering such premises for the purpose of transacting business . . . . does not impose liability for the want of safety at a point without those limits and where the injured party was neither invited nor expected to go." (*Kennedy v. Chase,* 119 Cal. 637, 63 Am. St. 153, 52 Pac. 33; *Zoebisch v. Tarbell,* 10 Allen (Mass.), 385, 87 Am. Dec. 660; *Murray*

Publisher's Note.

2. Duty of store or shop keeper toward customer as to condition of premises, see notes in 43 A. L. R. 866; 46 A. L. R. 1111; 21 L. R. A., N. S., 456; L. R. A. 1915F, 572. See, also, 20 R. C. L., Negligence, sec. 58.

4. See 20 R. C. L., Negligence, sec. 92.

6. Liability of store proprietor to customer falling down unguarded elevator shaft, see note in Ann. Cas. 1918E, 319. See, also, 20 R. C. L., Negligence, sec. 59.

See Negligence, 29 Cyc., p. 453, n. 86, 87, p. 455, n. 2, p. 458, n. 32, 34, 35, 38, p. 505, n. 39, p. 621, n. 92, p. 640, n. 13, p. 641, n. 18. Trial, 38 Cyc., p. 1567, n. 97.

*v. McClain,* 57 Ill. 378; *Shaw v. Goldman,* 116 Mo. App. 332, 92 S. W. 167; *Flanagan v. Atlantic Alcatraz Asphalt Co.,* 37 App. Div. 476, 56 N. Y. Supp. 18; *Severy v. Nickerson,* 120 Mass. 306, 21 Am. Rep. 514; *Parker v. Portland Publishing Co.,* 69 Me. 173, 31 Am. Rep. 263; *Pierce v. Whitcomb,* 48 Vt. 127, 21 Am. Rep. 120; 1 Thompson on Negligence, p. 308.)

"Every person whether a mere licensee or upon express or implied invitation, seeking access to a place of business, is himself bound to use ordinary care." (*Parker v. Portland Publishing Co., supra.*)

"It is a general rule of law, and has been followed in this state, that in an action to recover damages for personal injury where contributory negligence is plead as a defense, the plaintiff cannot recover when it is proven by the evidence that the negligence of the plaintiff was a proximate cause of the injury." (*Rippetoe v. Feely,* 20 Ida. 619, 119 Pac. 465; *Pilmer v. Boise Traction Co.,* 14 Ida. 327, 125 Am. St. 161, 94 Pac. 432, 15 L. R. A., N. S., 254; *Goure v. Storey,* 17 Ida. 352, 105 Pac. 794; 29 Cyc. 505; 1 Thompson on Negligence, p. 308.)

"Contributory negligence becomes a question of law when the evidence introduced on behalf of the plaintiff is reasonably susceptible of no other interpretation, than that the conduct of the injured party contributed to his injury and that because of his neglect and carelessness he did not act as a reasonably prudent man would have acted under the circumstances." (*Donovan v. Boise City,* 31 Ida. 324, 171 Pac. 670; *Smith v. Oregon Short Line Ry. Co.,* 32 Ida. 695, 187 Pac. 539; *McKenna v. Grunbaum,* 33 Ida. 46, 190 Pac. 919; *Testo v. Oregon & Washington R. R. & Nav. Co.,* 34 Ida. 765, 203 Pac. 1065; *Bressan v. Herrick,* 35 Ida. 217, 222, 205 Pac. 555.)

C. F. Reddoch and C. S. Hunter, for Respondent.

Appellant being the proprietor of a general automobile, sales, supply, repair and garage business, impliedly invited the public therein, for the purpose of transacting business

with him, and such persons upon entering his premises with this object and purpose became invitees, to whom appellant owed the duty of maintaining his premises in a reasonably safe condition and of exercising reasonable care in protecting such persons from injury. (20 R. C. L., p. 66; 29 Cyc. 455; *Graham v. Ochsner,* 193 Iowa, 1196, 188 N. W. 838; *Chichas v. Foley Bros. Grocery Co.,* 73 Mont. 575, 236 Pac. 361.)

In determining whether one was an invitee or licensee, the general test is whether he had present business relations with the owner of the premises, which would render his presence of mutual aid to both or whether his presence there was for his own convenience or on business with others than the owner, and in the absence of some relation inuring to the mutual benefit of both, he is a licensee. (*Kruse v. Houston & T. C. R. Co.* (Tex. Civ. App.), 253 S. W. 623; *Crossgrove v. Atlantic Coast Line R. Co.,* 30 Ga. App. 462, 118 S. E. 694; *Gibeson v. Skidmore,* 99 N. J. L. 131, 122 Atl. 747.)

It is not contributory negligence to fail to look out for danger when there is no reason to apprehend any. (*Christopher Co. v. Russel,* 63 Fla. 191, Ann. Cas. 1913C, 564, 58 So. 45.)

The issue of contributory negligence was properly submitted to the jury. (*Chichas v. Foley Bros. Grocery Co., supra; Pauckner v. Wakem,* 231 Ill. 276, 83 N. E. 202, 14 L. R. A., N. S., 1118.)

Contributory negligence is generally a question of fact for the jury and only becomes one of law authorizing a nonsuit, when the evidence introduced on behalf of the plaintiff is reasonably susceptible of no other interpretation than that the conduct of the injured party contributed to his injury, and that, because of his negligence and carelessness, he did not act as a reasonably prudent person would have acted under the circumstances. (*Donovan v. Boise City,* 31 Ida. 324, 171 Pac. 670; *Smith v. Oregon Short Line R. Co.,* 32 Ida. 695, 187 Pac. 539; *Bressan v. Herrick,* 35 Ida. 217, 222, 205 Pac. 555.)

It is a well-settled rule in this state that a person injured will not be precluded from recovery on the ground of con-

.tributory negligence, unless it was such that upon consideration of all the facts and circumstances as they appeared at the time a reasonably prudent person would not have acted as did the injured party; and only when it appears from the undisputed facts that a reasonably prudent person would have acted differently does it become a question of law. (*Osier v. Consumers' Co.*, 41 Ida. 268, 239 Pac. 735; *Muir v. City of Pocatello*, 36 Ida. 532, 212 Pac. 345; *Wheeler v. Oregon-W. R. & N. Co.*, 16 Ida. 375, 102 Pac. 347.)

BUDGE, J.—Plaintiff brought this action against defendant to recover damages for personal injuries sustained by him by reason of falling through an open elevator shaft in a building occupied by defendant. Judgment was for plaintiff, in the sum of $500, and defendant appeals.

It is shown by the pleadings and proof that defendant conducted a general automobile sales, supply, repair and garage business in a two-story building, with basement, located at the northeast corner of Tenth and Front Streets in the city of Boise. Storerooms in the northwest and southwest corners of the building were leased to other parties, leaving entrances to defendant's place of business on Tenth Street and Front Street. The Tenth Street entrance opened into a salesroom, where automobiles were displayed for sale, the right rear portion of which was used for an office and bookkeeping department, and a space at the left rear (from the Tenth Street entrance) inclosing an elevator shaft. A freight elevator within the shaft was used mainly for transferring automobiles and other articles from one floor to another. That part of the building with an entrance on Front Street was used for the storage of automobiles, for the display of small accessories for sale, and as a means of ingress and egress to the repair-shop, also to the basement and second floor. On the westerly side of the storeroom was a door leading into the office and salesroom, a stairway leading to the second floor, and just beyond the stairway the elevator shaft, the easterly entrance to which was flush with the westerly wall of the storeroom. The elevator shaft was

about ten feet wide and extended back into the salesroom a distance of about twenty-two feet. The entrance to the shaft from the salesroom was inclosed by glass wire doors, and that end of it in the storeroom was equipped with a gate, working in slots, so designed that when the elevator was raised to the second floor the gate, which had to be raised manually to place cars on the elevator, should descend and close the entrance to the elevator shaft on the first floor.

On the morning of December 24, 1923, at about 10:30 o'clock, plaintiff entered defendant's place of business from the Front Street door, leading into the storeroom, desiring to purchase a piece of windshield glass. Looking for someone to wait on him, plaintiff walked toward the rear of the building, then came back toward the front and looked into the office. He saw no one, but about that time heard voices and a noise like someone working in the back of the building, and he started that way again, along an open passageway in about the center of the storeroom, which turned to the left about half the distance between the front and rear of the building. The passageway, after turning to the left, appeared to be closed at the far end by two glass doors, and going in the direction of these doors plaintiff stepped off into a hole, which happened to be the elevator shaft, and was injured. Plaintiff testified that it was a cloudy day, that the passageway was very dimly lighted, that there were no electric lights burning in the building or in the elevator shaft that he remembered, and that he did not encounter any obstruction in walking into the shaft. On account of the dimness of the natural light, and shadows along the floor, plaintiff said there was nothing which led him to believe that the floor was interrupted or ceased to exist at a certain point in the passageway.

Defendant here takes the position that the evidence shows that plaintiff was guilty of contributory negligence, in that at the time of the accident he failed to exercise due care and acted without due caution in proceeding into the elevator shaft, and that had he been in the exercise of due caution and acted as a reasonably prudent man he could

have seen and would have seen the elevator shaft, and avoided falling therein.

[1, 2] We think it may first be premised that plaintiff was an invitee of defendant in the latter's place of business, and not a mere licensee. Defendant maintained a general automobile sales, supply, repair and garage business, and impliedly invited the public therein for the purpose of dealing with him in any line of the business which he conducted, and owed a duty to persons entering his premises for such purpose of maintaining the same in a reasonably safe condition and of exercising reasonable care in protecting such persons from injury. (20 R. C. L. 66; *Chichas v. Foley Bros. Grocery Co.*, 73 Mont. 575, 236 Pac. 361.) [3] This duty on the part of the proprietor to exercise reasonable care toward an invitee would apply only to that particular portion of the premises as were used for the actual conduct of the business (20 R. C. L. 66, 67), but whether or not an injury occurred upon the premises covered by an invitation is a question for the jury. (19 Cal. Jur. 622.) In this connection, the record before us shows that plaintiff went into defendant's building from an open door leading immediately into what was called the service department, and that it was from such part of the building that he would have to gain access to the department where the article he desired to purchase was likely to be kept. Plaintiff had never been in the building before and was unfamiliar with the arrangement of the various departments therein (which distinguishes this case from the holding in *Gaffney v. Brown*, 150 Mass. 479, 23 N. E. 233), and it was while looking for someone to serve him that he walked along an unobstructed passageway and into the unguarded elevator shaft.

[4] A general definition of what constitutes contributory negligence is that it is the doing, or the omitting to do, that which under the circumstances a reasonable man would not have done, or would not have omitted to do, to avoid any injury resulting to himself from the negligence of the defendant. [5] Contributory negligence is generally a question of fact for the jury, and in order to hold that this case

should have been taken from the jury and defendant's motion for nonsuit granted, would require us to say that the evidence herein is reasonably susceptible of no other interpretation than that the conduct of plaintiff contributed to his injury, and that, because of his negligence and carelessness, he did not act as a reasonably prudent person would have acted under like circumstances. (*Bressan v. Herrick,* 35 Ida. 217, 222, 205 Pac. 555.) It is a well-settled rule in this state that a person injured will not be precluded from recovery on the ground of contributory negligence, unless it was such that upon consideration of all of the facts and circumstances as they appeared at the time, a reasonably prudent person would not have acted as did the injured party; and only when it appears upon the undisputed facts that a reasonably prudent person would have acted differently does it become a question of law. (*Osier v. The Consumers' Co.,* 41 Ida. 268, 239 Pac. 735.)

[6] Under the facts and circumstances in this case the questions of whether or not plaintiff was guilty of contributory negligence, or exercised or failed to exercise, reasonable care and prudence while in defendant's place of business, and whether or not, when injured, plaintiff was in that part of defendant's premises to which his invitation extended were questions for the jury and were properly submitted to it; and being further of the opinion that the evidence is sufficient to support the verdict of the jury thereon, the judgment is affirmed. Costs to respondent.

Wm. E. Lee, C. J., and T. Bailey Lee, J., concur.

Givens, J., disqualified.

TAYLOR, J., Dissenting.—I cannot concur. While contributory negligence of the plaintiff would be a question for the jury, before that became material there must have been evidence of a duty owed by defendant to plaintiff, and a violation of such duty.

The rule that one who goes to transact business upon premises is an invitee, and that the one in charge owes him a duty to keep the premises in a reasonably safe condition, is subject to qualifications, always depending upon the particular facts and circumstances of the case under consideration. (*Ryerson v. Bathgate,* 67 N. J. L. 337, 51 Atl. 708, 57 L. R. A. 307.) It is incumbent upon a plaintiff in such case to show that he was in the part of the building to which he was invited, and using the premises in the manner authorized by the invitation. (*Ryerson v. Bathgate, supra.*)

Thompson on Negligence (vol. 1, sec. 988) says:

"But this duty does not extend so far as to make such an occupant responsible for the unsafe condition of those parts of his premises not intended for the reception of visitors or customers, and where they are not expected or invited to go."

In support of this, he cites *Zoebisch v. Tarbell,* 10 Allen (Mass.), 385, 87 Am. Dec. 660. To the same effect is *Schmidt v. Bauer,* 80 Cal. 565, 22 Pac. 256, 5 L. R. A. 580. Another case in point is *Shaw v. Goldman,* 116 Mo. App. 332, 92 S. W. 165, wherein we find this:

"But this salutary rule of law extends no further than the reason for its existence. It predicates upon the invitation, express or implied, to transact business in the business place and usual and customary ways to and from and appurtenant thereto. . . . . And to extend its application beyond the usual business place and such usual ways appurtenant, and into the private apartments, quarters, or warerooms of the proprietor, which are not intended for the transaction of business with the public, there must be a showing of something more than the usual implied invitation of the shopkeeper to the general public to enter therein for the purposes mentioned, for the very sufficient reason that such places in and about business establishments are of necessity private in their nature and in which the customer has no place nor right, save and except on express invitation. . . . . He, having gone beyond the limits of the storeroom into which he came as a customer on the implied invitation, went

beyond the limits of the invitation extended as well, and therefore there was no such obligation as above mentioned resting upon appellants in his favor unless he was ordered or invited by express act or conduct by someone in authority or possessed of sufficient apparent authority thereabout, and the burden is on the respondent to show such further express invitation or order."

*Murray v. McLean,* 57 Ill. 378, very similar to the instant case, supports this view. Other cases to the same point are *Rooney v. Woolworth,* 74 Conn. 720, 52 Atl. 411; *Johnson v. Ramberg,* 49 Minn. 341, 51 N. W. 1043; *Kennedy v. Chase,* 119 Cal. 637, 63 Am. St. 153, 52 Pac. 33.

One must show that he was in the usual passageway. (*Peake v. Buell,* 90 Wis. 508, 48 Am. St. 946, 63 N. W. 1053.) There was not the slightest evidence to go to the jury that the passageway which plaintiff took, leading into the dark from the side of the main way in which he entered, was ever used by any of the public in any way, or kept, used or intended for the public, or that the public ever used the passageway to or across or entered the elevator from the doors leading to the office, or the office from the elevator.

Plaintiff declined the invitation to enter the office, to which he was invited by all the appearances as well as by a sign which he said he saw, which plainly indicated the entrance thereto near the front where he entered the building. There was no invitation, express or implied, for the plaintiff to be at the place where he was injured.

It was the duty of the court to direct a verdict. (*Gaffney v. Brown,* 150 Mass. 479, 23 N. E. 233.)