597 P.2d 40

Steven FERBRACHE, a minor, by and through his Guardian ad Litem, Elaine Craig, and Elaine Craig, as an individual and personal representative of the Estates of Calvin K. Ferbrache and Bryce C. Ferbrache, deceased, Plaintiffs-Appellants,

v.

J. Eugene DILLON and Colleen Dillon, husband and wife, and J. Eugene Dillon and Colleen Dillon, guardian of Kathy Dillon, minor, and next of kin and heir of the Estate of Kathy Dillon, deceased, and the Estate of Kathy Dillon, deceased, together with John Does One through Five, Personal Representatives of the Estate of Kathy Dillon, Defendants-Respondents.

No. 12443.

Supreme Court of Idaho.

July 3, 1979.

Jon N. Wyman, of Wyman & Wyman, Boise, for plaintiffs-appellants.

Phillip M. Barber, of Elam, Burke, Jeppesen, Evans & Boyd, Boise, for defendants-respondents.

BAKES, Justice.

This appeal involves actions for wrongful death and personal injuries resulting from an automobile accident. Plaintiff appellant Elaine Craig seeks recovery for the wrongful death of her sons Calvin K. and Bryce C. Ferbrache. Her other son, plaintiff appellant Steven Ferbrache, seeks to recover for personal injuries he sustained. The suit was brought against the defendant respondents Eugene and Colleen Dillon, parents of the driver Kathy Dillon, on a theory of imputed negligence as owners of the vehicle and as Kathy's next of kin or the personal representatives of her estate. A jury verdict found Calvin, Bryce and Steven Ferbrache, passengers in the automobile, and Kathy Dillon, the driver, all equally negligent. We reverse and remand.

Kathy Dillon, a seventeen year old high school student, was returning in her parents' car to Boise from the Idaho State Penitentiary with five boys who had been playing baseball with inmates. The passengers were Calvin, Bryce and Steven Ferbrache, Marc Simmons and Terry Stradley. Calvin was 16 years old and a licensed driver. Steven was 13 years old, Bryce was 9, Marc was 8, and Terry was 17.

Kathy was driving, and Calvin and Terry were sitting in the front seat. Marc, Bryce and Steven were in the back seat. The car was traveling west on Interstate 80 near the Boise airport and was approaching a gradual curve. Steven testified that he had observed the speedometer and that the car was traveling between 60 and 65 mph. He testified that he had been uncomfortable with that speed but that he had made no objection. The posted speed limit at the time was 55 mph, although the highway was designed for 70 mph. The testimony indicated that someone in the front seat stated, "Hey, look at the airplane," and everyone in the car, including the driver, Kathy, looked to the left at an airplane which was either landing or taking off. There is no evidence in the record indicating which of the three persons seated in the front seat made that statement. At this same time or immediately thereafter, the car failed to negotiate the curve, left the road, went into a "broadslide" and flipped end over end several times. There was some indication that Kathy, after the car had left the road, had tried to turn the car back onto the highway and that this action may have caused the vehicle to slide and roll. The investigating police officer testified that the car was traveling about 65 mph at the time it left the freeway. Only Steven Ferbrache and Marc Simmons survived.

The plaintiffs brought suit against the defendants and in August of 1976 a trial was held. Following the presentation of evidence, the plaintiffs moved for a directed verdict and objected to a proposed instruction on contributory negligence. The court denied the motion and overruled the objection. The jury returned special verdicts finding Kathy Dillon and Calvin, Steven and Bryce Ferbrache each responsible for 25% of the negligence involved and fixing damages at $7,500 for the death of Calvin, $7,500 for the death of Bryce, and $5,000 for the injuries to Steven. Judgment was entered for the defendants and the plaintiffs' motions for a judgment n.o.v. and a new trial were denied. The plaintiffs bring this appeal arguing that the evidence does not support the jury's finding of contributory negligence on the part of Bryce, Calvin and Steven Ferbrache.

A passenger in an automobile has a duty to exercise the care and caution for his own safety that a reasonably prudent person of the same age and maturity would exercise in the same circumstances. *Bell v. Joint School Dist. No. 241,* 94 Idaho 837, 499 P.2d 323 (1972); *Hayslip v. George,* 92 Idaho 349, 442 P.2d 759 (1968); *Ineas v. Union Pacific R. R. Co.,* 72 Idaho 390, 241 P.2d 1178 (1952). Nevertheless, as a general rule and in the absence of special circumstances indicating the presence of imminent danger or the negligence of the driver, a passenger may rely on the driver to properly attend to the operation of the vehicle and to operate it with due care. *See Vaughn v. Murray,* 214 Kan. 456, 521 P.2d 262 (1974); *McGothlin v. Wiles,* 207 Kan. 718, 487 P.2d 533 (1971); *Paddock v. Schuelke,* 81 N.M. 759, 473 P.2d 373 (App.1970); 5 Blashfield Automobile Law & Practice, § 215.7 (3d ed. 1966). A passenger's mere inattention does not generally constitute contributory negligence, although special circumstances and the passenger's awareness of certain dangers may impose a greater standard of care. *See Ballard v. Jones,* 21 Ill.App.3d 496, 316 N.E.2d 281 (1974); *Kindschi v. Williams,* 86 N.M. 458, 525 P.2d 385 (1974); 5 Blashfield, *supra,* at § 215.23; *cf. Hodge v. Borden,* 91 Idaho 125, 417 P.2d 75 (1966) (jury question of contributory negligence present where passenger went to sleep while riding with an allegedly intoxicated driver). With these basic principles in mind, we turn now to an examination of the record to determine whether there is substantial evidence to support the jury's finding of contributory negligence, recognizing that we will not set aside a verdict supported by substantial evidence. *Stoddard v. Nelson,* 99 Idaho 293, 581 P.2d 339 (1978); *Werry v. Phillips Petroleum Co.,* 97 Idaho 130, 540 P.2d 792 (1975).

In this case there is no evidence that Calvin and Bryce Ferbrache had any reason to believe that Kathy, the driver, would not attend to her duties as driver and properly operate the automobile. Nor is there any evidence that they were aware of any imminent danger of which the driver was not or that either of them did anything to interfere with the driver's operation of the car. Accordingly, we find no basis in the record for the jury's special verdicts finding Calvin and Bryce contributorily negligent.

However, Steven Ferbrache testified that prior to the accident he had observed the speedometer and that the car was traveling between 60 and 65 mph, a speed exceeding the posted speed limit of 55 mph. Steven also testified that although he had felt uncomfortable with that speed he had made no objection. One inference from the evidence is that the excessive speed was a contributory factor in the accident and injuries. Accordingly, the evidence would support a finding that Steven was aware of the excessive speed and appreciated the danger it presented and that Steven was therefore contributorily negligent in failing to remonstrate the driver against the excessive speed.

Accordingly, we reverse the special verdicts finding Calvin and Bryce Ferbrache contributorily negligent on the ground that they are not supported by the evidence and direct the trial court to enter judgments in favor of appellant Craig, as the personal representative, in the amount of $7,500 for the death of Calvin and $7,500 for the death of Bryce.[1]

Although there is evidence to support the special verdicts with respect to the negligence of Kathy and the contributory negligence of Steven, we conclude that our reversal of the verdict finding Bryce and Calvin contributorily negligent undermines the jury's apportionment of negligence in this case and that the interests of justice require a new trial on that limited issue.

---

1. Although not raised by the parties on appeal, there may have been some question whether the jury should have been instructed to determine and apportion the contributory negligence of the other passengers, Terry Stradley and Marc Simmons, who were not parties to this action. *See generally* R. Heft & C. Heft, Comparative Negligence Manual, § 8.131 (rev. 1978). We do not reach this issue in this case, however, since we conclude that the record fails to show any basis for a finding that these non-party passengers were contributorily negligent.

See *Riley v. Lake,* 295 Minn. 43, 203 N.W.2d 331 (1972); *Caldwell v. Piggly-Wiggly Madison Co.,* 32 Wis.2d 447, 145 N.W.2d 745 (1966); V. Schwartz, Comparative Negligence, § 18.3 (1974). We therefore remand for a new trial on the apportionment of any negligence of Steven and any negligence of the driver, Kathy.

Costs to appellant. No attorney fees allowed.

SHEPARD, C. J., DONALDSON, J., and SCOGGIN, J., Pro Tem. concur.

BISTLINE, Justice, concurring and dissenting.

The opinion of the Court properly sets aside the special verdicts attributing causative negligence to 16 year old Calvin and 9 year old Bryce. In my view, similar treatment should be accorded the special verdict insofar as it also purports to assess causative negligence to 13 year old Steven.

Although the Court's opinion states that the highway was designed for speeds up to 70 miles per hour, this I would assume is logically concluded from the fact that for many years and until the 1974 oil shortage crisis, it was posted for a maximum speed of 70 miles per hour. If its design capacity were established, one would imagine that the speed would be considerably in excess of 70. A 13 year old boy is old enough to be cognizant of speed limits, patrol cars, and speeding tickets. Steven's testimony that he was uncomfortable on seeing that the car's speedometer registered 60–65 miles per hour falls a long way short of amounting to evidence that he apprehended any danger, or *even that there was any danger. Vaughn v. Murray,* 214 Kan. 456, 521 P.2d 262 (1974). Moreover, almost prima facie so it would seem, there is no danger per se in a car being driven at that speed on that highway. There may be a worry that the vehicle may be stopped and ticketed for violating an energy-conservation imposed limit.

Moreover, even were one to indulge in the assumption that Steven should have remonstrated with the driver, it is pure speculation for a jury to say, if it did, which is doubtful, that his failure to do so occasioned the mishap. It is quite obvious that the jury, erroneously given the issue of passenger negligence, went awry [1] in assessing group negligence because one of the group remarked at seeing an airplane, and the youthful driver allowed her attention to be diverted from her duty of controlling the vehicle. As a matter of law it cannot be said that in the circumstances of this particular case a reasonably prudent 13 year old in the back seat of a passenger automobile going at a moderate speed and under control would be compelled to attempt backseat supervision over the driver.

"Contributory negligence has been variously defined, although the basic idea of the definitions is the same. In *Coulsen v. Aberdeen-Springfield Canal Co.,* 47 Idaho 619 at 633, 277 P. 542 at 547 (1929) appears the following definition:

" 'To constitute contributory negligence there must be a breach of the duty imposed by law upon persons to protect themselves from injury from the negligent act of another, and that such breach must concur with the negligence of the other in producing the injury complained of * * *.'

"In *Williamson v. Neitzel,* 45 Idaho 39, 45, 260 P. 689, 690 (1927) appears the following:

" 'A general definition of what constitutes contributory negligence is that it is the doing, or the omitting to do, that which under the circumstances a reasonable man would not have done, or would not have omitted to do, to avoid any injury resulting to himself from the negligence of the defendant. * * *'

"And *Stowers v. Union Pac. R. Co.,* 72 Idaho 87, 97, 237 P.2d 1041, 1047 (1951) contains the following discussion:

" 'In determining the question of contributory negligence, due care or ordinary prudence under the circumstances is the only test. The presence or absence of contributory negligence

---

1. That the jury went awry is hardly open to doubt. Besides the three children, there were two other children in the vehicle. They are not involved in the action—but obviously should have been assessed their proportionate share of "group" negligence.

must be adjudged by the conditions, circumstances and surroundings at the time of the accident and whether under such the person acted as a reasonably prudent person would have acted. * * *' "

*Hodge v. Borden,* 91 Idaho 125, 417 P.2d 75 (1966).

In this case, unlike *Bell v. Joint School District No. 241,* 94 Idaho 837, 499 P.2d 323 (1972), the boy Steven had no right of supervision over the driver, and was not shown to have any authority over the driver whatever. In *Bell* the trial court gave the following instruction, which this Court footnoted in the opinion:

"The court's instruction No. 16 reads as follows:

" 'Every person under all circumstances, and whether on business or pleasure, must exercise ordinary care for his own safety. This duty of self-protection applies not only to a person who is the driver of an automobile, but also to a person who is merely an occupant such as a guest or passenger.

" 'Whenever the conduct of the driver in his operation of the car becomes in any respect negligent and *such negligent conduct creates danger to the degree of subjecting the occupants to an unreasonable risk of injury, and the occupants know, or in the exercise of ordinary care, ought to know, that they are unreasonably exposing themselves to such danger,* they are then required, in order to measure up to the standard of ordinary care for their own protection, to conduct themselves in the manner that a person of ordinary intelligence and prudence would conduct himself under the same or similar circumstances. Conduct, as used herein, may involve the action, inaction, protest or silence of the passenger.' " (Emphasis added)

*Bell,* 94 Idaho at 840, 499 P.2d at 326.

There is merit in the Court's conclusion to direct the entry of judgment in plaintiffs' favor for the amount of damages set for the deaths of Calvin and Bryce, but judgment for Steven's damages should also be directed.

I am not averse, however, to the granting of an entire new trial on all issues, and believe that I so understood respondents' attorney at oral argument to say that the jury's misfunction in assessing liability to the passengers in all likelihood spilled over into assessing the driver's fault for the deaths and injuries. If so, and it is a well-taken point, this jury also may have misfired in its obligation to set damages reflecting just compensation.