647 P.2d 783

Emil J. DeMEYER, Plaintiff-Respondent and Cross-Appellant,

v.

Anna Bernese MAXWELL and Viki A. Nakroshis, Defendants,

Anna Bernese Maxwell, Defendant-Appellant and Cross-Respondent.

No. 13490.

Court of Appeals of Idaho.

June 29, 1982.

William A. McCurdy, Quane, Smith, Howard & Hull, Boise, for plaintiff-respondent and cross-appellant; Nicholas J. Dibert, Boise, of the firm, on briefs.

Daniel T. Eismann, Homedale, for defendant-appellant and cross-respondent.

THIS OPINION SUPERSEDES THE COURT'S PRIOR OPINION ISSUED APRIL 6, 1982, WHICH IS WITHDRAWN.

SWANSTROM, Judge.

Emil J. DeMeyer's wife was a passenger in a car driven by her sister, Anna Bernese Maxwell, the defendant. The two were returning to their homes in Idaho from Seattle, Washington, when their car left the roadway in Oregon, struck two fog markers, crossed the roadway and flipped onto its top, coming to rest in the median separating the eastbound and westbound lanes. DeMeyer's wife was killed in the accident. He brought suit against the sister, claiming his wife's death was the result of the defendant sister's negligence. Defendant claimed that plaintiff's wife was contributorily negligent. Trial before a jury was held. The jury found that both defendant and plaintiff's wife were negligent; that the negligence of both was the proximate

cause of the accident; that 50% of the negligence causing the accident was attributable to each; and that plaintiff was damaged in the amount of $3,008.72 for losses due to funeral expenses. The jury also specifically found that plaintiff suffered no damages for either loss of services and support or loss of society, companionship, and protection.

Plaintiff filed a motion for judgment n. o. v. on the issue of liability and for a new trial on damages, or in the alternative for a new trial on issues of both liability and damages. The trial court denied the motion for judgment n. o. v. and for a new trial on damages only. However, the court granted the motion for a new trial on all issues because, in his view, the circumstances indicated that the jury's verdict was given under the influence of passion and prejudice. He further found that this passion and prejudice made the jury's findings as to negligence and damages suspect. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

The issues on appeal and cross-appeal are whether the trial court erred: (1) in denying defendant's motion for judgment on the pleadings, (2) in denying plaintiff's motion for judgment notwithstanding the verdict on the issue of liability, (3) in granting plaintiff a new trial, and (4) in refusing to grant plaintiff's motion *in limine*, seeking to prevent the jury from learning of the sibling relationship between defendant and plaintiff's wife? In addition, we are called upon by both parties to award attorney fees on appeal.

I.

Defendant contends that her motion for judgment on the pleadings was wrongly denied. The basis for her motion was that Oregon's then existing "guest statute" was controlling and should have been applied to preclude suit against a driver by a passenger or heirs of a passenger. Defendant urges this court to apply the "most significant relationship" test to determine which

state's law is applicable in a tort action. The traditional test in determining applicable law in tort cases has been that the law of the place of the tort "governs all matters going to the basis of the right of action or affecting the substantive rights of the parties." 16 Am.Jur.2d *Conflict Of Laws*, § 99 (1979). However, courts in a number of states recently have rejected this test in favor of any of several modern rules, which analyze a number of objective factors before determining the applicable law. *Id.* at § 98.

In *Rungee v. Allied Van Lines, Inc.*, 92 Idaho 718, 449 P.2d 378 (1968), our Supreme Court adopted the "most significant relationship" test for determining the applicable law in contract dispute cases. 92 Idaho at 722–23, 449 P.2d at 382–83. The merit of the "most significant relationship" approach "is that it gives the place having the greatest interest in the problem paramount control over the legal issues arising out of a particular factual context, thereby allowing the forum to apply the policy of the jurisdiction most intimately concerned with the outcome of the particular litigation." 16 Am.Jur.2d *Conflict of Laws*, § 103 (1979). We adopt the "most significant relationship" test in Idaho for the determination of which state's law is applicable in a tort action.

Defendant is urging application of the "most significant relationship" test in the belief that the Oregon "guest statute," Or. Rev.Stat. § 30.115 (1961), would be a bar to any recovery by plaintiff. However, application of the "most significant relationship" test does not require use of Oregon law in this case. For guidance in applying the "most significant relationship" test, the court in *Rungee* looked to the Restatement (Second) of Conflicts of Laws § 6 (proposed official draft 1968). Likewise, we look to this same authority. Section 6 of the, now adopted, Restatement (Second) of Conflicts of Laws provides, in part, as follows:

"Choice of Law Principles.

\* \* \* \* \* \*

(2) When there is no [statutory] directive, the factors relevant to the choice of the applicable rule of law include:

(a) the needs of the interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied."

Applying these factors to the case before us, we hold the trial court correctly applied Idaho law. We note that only those contacts with Oregon and Idaho which are significant for purposes of the application of a guest statute are weighed in this analysis. *Rungee*, 92 Idaho at 723, 449 P.2d at 383. Our analysis is as follows:

(a) We do not see the trial court's decision as adversely affecting, in any way, the needs of the interstate or international systems.

(b) Idaho's relevant policies clearly are served better by application of Idaho law. In *Thompson v. Hagan*, 96 Idaho 19, 523 P.2d 1365 (1974), Idaho's version of the guest statute (I.C. § 49–1401) was held violative of the equal protection clauses of both the Idaho and the United States constitutions. 96 Idaho at 23, 523 P.2d at 1369. The legislature has neither re-enacted I.C. § 49–1401 nor attempted to correct its constitutional defects. The Supreme Court's actions and the legislature's lack of action indicate that Idaho's relevant policies are opposed to the application of a guest statute in cases heard in Idaho.

(c) In considering relevant policies of other states, we note that Oregon's guest statute, as it existed when this accident occurred, had withstood attacks on its constitutionality. *Duerst v. Limbocker*, 269 Or. 252, 525 P.2d 99 (1974). However, we also

note that in 1979 Oregon amended its laws to eliminate motor vehicles (but not aircraft or watercraft) from its guest statute. Therefore, in our view, Oregon no longer has a policy reason to prefer that its law be applied to the present case.

(d) Defendant points to no evidence, and we find none, indicating she or the decedent had any expectation the Oregon guest statute would be applicable. Considering that they both lived in Idaho, where this trip originated, and that only through fortuitous circumstances were they passing through Oregon at the time of the accident, we cannot infer that either of them had any expectation that the Oregon guest statute would apply.

(e) The basic policy of negligence law is to allow a person to recover from injury proximately caused by another's violation of a duty of reasonable care. Our Supreme Court in Thompson reaffirmed this policy. Thus, the trial court's refusal to apply Oregon's guest statute protected Idaho's interest in applying its policy.

(f)—(g) Although a decision by this court to apply the law of the state where the accident occurred might increase certainty, predictability, and uniformity of result, and make easier the determination of the applicable law, we find that the consideration of the above factors outweigh these latter considerations.

In addition to the general rule set out in § 6 of the Restatement (Second) of Conflict of Laws, § 145 says:

(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) The place where the injury occurred,

(b) The place where the conduct causing the injury occurred,

(c) The domicile, residence, nationality, place of incorporation and place of business of the parties, and

(d) The place where the relationship, if any, between the parties is centered. These contracts are to be evaluated according to their relative importance with respect to the particular issue.

Considering these factors we conclude that, as concerns the application of a guest statute, the fact all parties to this suit are domiciled in Idaho and the relationship between them is centered in Idaho outweighs the fact the injury and conduct leading to the injury occurred in Oregon. We affirm the trial court's application of Idaho law to the facts in this case. It follows that the trial court correctly denied defendant's motion for judgment on the pleadings.

## II.

On cross-appeal, plaintiff contends that the trial court erred in denying his motion for judgment notwithstanding the verdict on the issue of liability. He argues there is no evidence in the record to support the jury's conclusion that plaintiff's wife was contributorily negligent. We agree. We also find substantial evidence to support the jury's verdict finding fault on the part of defendant.

The record on appeal discloses the following circumstances pertinent to the issue of alleged contributory negligence in this case. Prior to the single car accident in which the decedent was killed, defendant had been driving the car, at decedent's request, for only seven miles. Decedent had been the driver for the whole trip from Seattle. Decedent and defendant were both elderly women and licensed drivers. Defendant was the only witness to the accident and her eyewitness testimony came in by way of deposition. She did not personally testify in court. Although she remembered nothing about the accident, she could remember the events immediately prior. Her deposition testimony concerning these events was as follows. Soon after defendant began driving, decedent complained of being cold and requested appellant to turn on the car's heater. The heater controls were located to the left of the steering wheel, out of reach of decedent's position in the passenger seat. Defendant turned on the heater. Soon after, decedent stated she was still cold and asked defendant to check to make sure the heater was correctly adjusted. Defendant

remembers checking the heater controls and nothing after that. Decedent never alerted defendant that she perceived any danger from the way defendant was driving.

The trial court did not have the benefit of our Supreme Court's opinion in *Ferbrache v. Dillon*, 100 Idaho 317, 597 P.2d 40 (1979), which was published after the trial in this case. In *Ferbrache*, the court said:

> A passenger in an automobile has a duty to exercise the care and caution for his own safety that a reasonably prudent person of the same age and maturity would exercise in the same circumstances. [Citations omitted.] Nevertheless, as a general rule and in the absence of special circumstances indicating the presence of imminent danger or the negligence of the driver, a passenger may rely on the driver to properly attend to the operation of the vehicle and to operate it with due care .... [Citations omitted.] A passenger's mere inattention does not generally constitute contributory negligence, although special circumstances and the passenger's awareness of certain dangers may impose a greater standard of care. [Citations omitted.]

*Id.* at 319, 597 P.2d at 42. With these principles in mind, we have examined the record to determine whether evidence exists to support the jury's finding of fault on decedent's part.

▮ Defendant alleges that special circumstances existed which raise a question of fact regarding whether decedent's request to have defendant manipulate the heater controls constituted contributory negligence. The alleged special circumstances were defendant's elderly age, the fact she was driving an unfamiliar automobile, the fact a light rain had begun to fall, and decedent's knowledge of those facts. Defendant urges this court to find such circumstances to impose a higher standard of care on decedent such that her request may be considered an unreasonable interference with the driver's operation of the automobile.

We decline to agree with this proposition. As a matter of law, even under these circumstances, a request to turn on the heater in an automobile, absent some indication of imminent danger or negligent driving, does not constitute contributory negligence. A passenger in an automobile may rely on the driver to properly operate a vehicle, including its heater controls, absent special circumstances indicating imminent danger or negligent driving. *See Ferbrache, supra.* Even though a passenger knows the driver of an automobile is unfamiliar with the vehicle, there is no duty on the passenger to require the driver to stop the automobile before adjusting the heater. Nor is it necessary for a passenger to sit quietly and suffer the cold when the heater is not on, absent knowledge of imminent danger or negligent driving. A request made to a driver, even an elderly one unfamiliar with the car, to turn on the heat could not reasonably be expected to be a dangerous distraction of the driver's attention. The defendant in fact admitted that the decedent did not in any way interfere with her operation of the automobile. Defendant was an experienced licensed driver. She testified that she was not bothered by the rain; that she had driven in it many times. She stated she did not divert her eyes from the road in order to operate the heater controls. Thus, decedent was entitled to rely on defendant to properly attend the operation of the vehicle and to operate it with due care.

Accordingly, we hold that the jury verdict, insofar as it found negligence on the part of the decedent, was not supported by substantial evidence.

### III.

In this case the trial court granted plaintiff "a new trial on all issues on the ground that the damages awarded were so inadequate that the jury's verdict appears to have been given under the influence of passion or prejudice."

▮ As noted earlier, the jury, in fixing plaintiff's damages, only allowed the exact amount of decedent's funeral expenses. The jury allowed nothing for "loss of services and support" and "loss of society, com-

panionship and protection." There is no need to elaborate upon the uncontroverted evidence in the record which would support an award of additional general damages. It is sufficient to say there was such evidence, in view of which the jury award of nothing but funeral expenses was clearly inadequate. *See Dinneen v. Finch*, 100 Idaho 620, 603 P.2d 575 (1979). Because the damages fixed by the jury are inadequate, it is necessary to remand this case to the trial court for a new trial on the issue of damages.

We affirm the order granting a new trial and setting aside the judgment entered on the verdict. We modify the order by directing that judgment be entered for plaintiff on the issue of liability and that the new trial be limited to the issue of plaintiff's damages.

### IV.

Our holding on the issue of liability makes it unnecessary for us to discuss the alleged error of the trial court in admitting evidence revealing the sibling relationship between appellant and decedent. On retrial of the damage issue, however, such evidence would have no relevancy, would be prejudicial, and should be excluded.

We decline to award attorney fees to respondent. There was a genuine issue of law presented to us and the appeal was brought in good faith. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979). Costs to respondent.

WALTERS, C. J., and BURNETT, J., concur.