NELLIE F. IRELAN WELLER, EXECUTRIX (ESTATE OF CHRISTOPHER F. WELLER) *vs.* FISH TRANSPORT COMPANY, INC., ET AL.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued April 8th—decided May 12th, 1937.

*Louis Feinmark,* with whom was *Philip R. Shiff,* for the appellants (defendants).

*Philip Reich,* with whom, on the brief, was *Samuel Reich,* for the appellee (plaintiff).

BROWN, J. The plaintiff's decedent while riding in an automobile driven easterly on the Post Road in Darien by his wife who, as executrix of his will, is the plaintiff herein, was killed as a result of a collision between it and the named defendant's motor truck being driven westerly by its agent, the defendant Roberts. The jury returned a verdict for the plaintiff against both defendants, who have appealed, relying upon claimed errors in the court's charge to the jury, its rulings on evidence, and improper comments and arguments of counsel for the plaintiff.

Certain facts stated in the claims of proof of the parties may be regarded as undisputed. The collision occurred at 11.50 p. m. on June 16th, 1935, on the Post Road in Darien, where the thirty-six feet wide concrete roadway, bordered by a four or five foot wide oiled shoulder on the south, and a concrete gutter of similar width on the north, and bisected by a single

trolley track through the center, extends east and west. The weather was clear and the pavement dry. There was no street light in the immediate vicinity. The Wellers were riding side by side in a Buick sedan, registered in the name of and owned and driven by Mrs. Weller. Until shortly before the collision the sedan was proceeding easterly to the south of the car track, and the truck was proceeding westerly near the north edge of the concrete roadway. Somewhere in the roadway the right front of the sedan came into collision with great violence with the right front wheel, fender, and body corner of the truck. The decedent was almost instantly killed by the collision.

The plaintiff's version of the accident as disclosed by the claims of proof was that fifty feet east of the point of impact, the truck turned left to cross the trolley track toward the south side of the road, whereupon just before her car was struck Mrs. Weller turned it to her left to avoid a collision, but was unable to accomplish her object, and the vehicles collided south of the more southerly trolley rail. The defendants' version was that the sedan as it proceeded easterly in a line of heavy traffic, suddenly turned out to the left from behind the car immediately preceding it, and headed toward the north side of the road at about a forty-five degree angle; that the sedan was then a considerable distance from the truck and Roberts, perceiving it, gradually applied his brakes and slackened the truck's speed, not knowing which direction the Weller car would take; but upon seeing that it had crossed the trolley track to the north side of the road and was continuing straight toward the truck, thus confronting him with a sudden emergency, he applied his brakes with full force and swerved the truck to his left in an effort to avoid a head-on collision, but without success, as the sedan continued on its course

without change of direction; and that the impact occurred at a semi-circular gouge mark on the north side of the highway and north of the trolley track. Further conflicting claims are recited below.

Paragraph six of the complaint, after reciting several grounds of alleged negligence, concludes with an allegation of the last clear chance doctrine. Neither party claimed that the doctrine was applicable and upon the undisputed facts and claims of proof of the parties it was not. The defendants claim error in the failure of the trial court to so charge. The court reviewed the various allegations of negligence in the complaint and instructed the jury that it was not necessary that the plaintiff prove all of them, but it was sufficient if she proved any one. In view of the nature of the allegation as to the last clear chance and the specific charge as to the grounds of negligence given, it is not reasonable to believe that the jury could have applied the doctrine in the decision of the case, and a specific charge that they were not to do so was unnecessary.

The defendants assign error in a certain portion of the charge, in which the trial court, in effect, instructed the jury that a recovery by the plaintiff would not be defeated even if they should conclude that Mrs. Weller was negligent, the claim being that the court should have charged the jury as to the imputation of her negligence to the decedent upon the basis of their being engaged in a joint enterprise. The defendants claimed to have proved that Mrs. Weller maintained the car as a family car and that it was used jointly by her and her husband for their mutual pleasure and business; that they had both consumed alcoholic drinks while visiting their friends named Jessup that evening before the accident; that upon leaving the Jessup home Mrs. Weller drove because she felt her husband had consumed so much liquor that he ought

not to drive; that just before the collision in response to his suggestion she turned out to pass the car next ahead; and that at no time did he make any protest as to the manner in which she drove. As plaintiff, Mrs. Weller claimed to have proved that she had partaken of no alcoholic beverages.

Since this was a death case, as the court correctly charged the jury, under General Statutes, Cum. Sup. 1935, § 1654c, the burden of proving the decedent's contributory negligence was upon the defendants. Their right to a charge upon imputed negligence of Mrs. Weller as constituting contributory negligence of the decedent depends upon whether their claims of proof disclose the elements essential to a joint enterprise. These include at least a common purpose, a community of interest in the object of the enterprise, joint possession of the vehicle, and equal right and authority to control its operation. *Coleman* v. *Bent,* 100 Conn. 527, 530, 124 Atl. 224; *Bushnell* v. *Bushnell,* 103 Conn. 583, 587, 131 Atl. 432; 8 L. R. A. (N. S.) 628, note; 5 Amer. Jur., Automobiles, §§ 500, 501. See also Amer. Law Institute Restatement, Torts, Vol. 2, § 491c. In accord with this principle a husband and wife riding in a car owned and driven by one of them even while engaged in carrying out a common purpose, in the absence of a right in both to control, direct, and govern its operation, are not engaged in a joint enterprise in so far as the running of the automobile is concerned. 5-6 Huddy, Automobile Law (9th Ed.) § 154, p. 300; *Fuller* v. *Mills,* 36 Ga. App. 357, 136 S. E. 807. The defendants did not claim to have proved the essential element of fact that Mr. and Mrs. Weller had equal right and authority to control the operation of the car, and none of the facts they did claim to have proved establish that as matter of law. In the absence of any such claim of proof, the

trial court was correct in disregarding the doctrine of joint enterprise, as it did in the portion of the charge of which complaint is made.

The appellants' further claim, that the charge was confusing because contradictory upon the issue of imputed negligence, goes beyond their assignment of errors. Nevertheless we state our conclusion that the charge could not have been prejudicial to them in this respect. After earlier charging that if the jury found the essentials as defined existed, Mrs. Weller's negligence would be imputed to the decedent, and if a substantial factor in causing the collision, would bar recovery, later the court twice stated her negligence would be immaterial if the jury found that of Roberts a substantial factor in causing the decedent's death, and continued: "And just so long as you . . . determine . . . that his [Roberts'] negligence was a substantial factor in causing Mr. Weller's death and that Mr. Weller was himself free from contributory negligence in accordance with the law as I have given it to you, then the plaintiff is entitled to a verdict no matter how negligent Mrs. Weller may have been, if she was at all." Since prior to its reference to imputed negligence the court had charged fully upon the duty of the decedent as passenger, and contributory negligence by him per se, the words quoted failed to make clear whether the court was referring to what it had charged as to the decedent's contributory negligence by his own conduct solely, or to it as affected by its further charge on imputed negligence. In view of what had immediately preceded, the former seems the more likely meaning. So interpreted, the charge as to the effect of Mrs. Weller's negligence was contradictory. Taken altogether, however, it could only have been construed by the jury in one of two ways, either as including the principle of imputed negligence

in testing the decedent's contributory negligence, or as excluding this principle and restricting the test to his own conduct solely. Since, as we have pointed out, the defendants were not entitled to a charge upon imputed negligence, by the former construction they received a more favorable rule than was their right, and so have no reason to complain. By the latter construction, they received the correct rule which the court had accurately and adequately stated. Therefore the charge as given could not have prejudiced the appellants.

In so far as the appeal claims error in rulings upon evidence, it violates our often repeated rule of practice which forbids the inclusion in one paragraph of the finding of numerous rulings with an assignment of error referring generally to them. *Campbell* v. *Campbell,* 110 Conn. 277, 278, 147 Atl. 800. We shall, however, refer to such of the rulings as have sufficient materiality to justify discussion. With reference to the first ruling on evidence, officer Forheit, who observed conditions immediately after the collision, testified as the defendants' witness and gave an affirmative answer to a question as to whether he had found marks that led "from the rear end of the Weller car." Subsequently, on further direct examination, he stated that the marks were "about three feet in back" of it. Claiming surprise, counsel, apparently for the purpose of contradicting this as the statement of a hostile witness, offered a sketch made by the officer showing the location of the vehicles and marks on the roadway. This sketch discloses nothing necessarily contradictory of the above statement. A broken line terminating at the Weller car presumably indicates its probable course, as distinguished from actual marks on the roadway, since such marks made by the truck, though indicated by a similar line, are expressly labeled "brake

marks." But if the sketch were contradictory, its admissibility rested in the sound discretion of the court. *Carpenter's Appeal*, 74 Conn. 431, 436, 51 Atl. 126. The claim, advanced for the first time upon appeal, that this was admissible as past recorded recollection cannot avail the defendants, since it was not made at the trial. Nor did the court err in excluding the four small snap-shots of the roadway showing pieces of paper placed thereon to designate the claimed location of certain gouge and tire marks. These pictures are so small and indistinct that the marks themselves are not discernible thereon, but four other large photographs of the same area, received as defendants' exhibits, disclose them very clearly. The trial court well might have concluded that the officer had placed the papers shown in the snap-shots as a result of what was told him by the driver and others after the accident. The defendants' rights were not prejudiced by the court's ruling.

In support of their contention that the point of impact was on the north side of the highway, the defendants inquired of Roberts how a curving gouge mark in its concrete surface, clearly shown in one of the photographs in evidence, was caused. He stated that it was by the knee-action of the sedan after its front wheel was broken in the collision. The plaintiff's motion that this answer be stricken out as a conclusion predicated upon surmise or opinion, and as not being the statement of a fact observed, was granted. Subsequently, in response to the plaintiff's objection to the defendants' question of another witness as to "the gouge mark made by the Weller car," the court stated that there was no evidence before the jury that anyone saw this mark made by it, and excluded the question. To each of these rulings the defendants excepted. The trial court could reasonably conclude, as it evidently

did, that Roberts was not stating something he had actually observed, but an inference or conclusion which he drew. The court was correct in striking out this answer. The court's statement in its other ruling, that there was no evidence that anyone saw this mark made by the sedan, was technically inaccurate, for during its own earlier examination of Roberts he had so testified. This statement made in excluding the question, however, did not prejudice the defendants. As already stated, this testimony was not properly admissible. It should have been stricken out when made. The comment complained of gave effect to the trial court's conclusion that the statement of Roberts was not admissible testimony and eliminated it from the jury's consideration then.

The plaintiff, on cross-examination as to claimed inconsistencies between her statement given to Lieutenant Anderson at the hospital during the week following the accident, and her testimony on direct, explained that when the statement was made she was in a highly nervous condition. Having brought out that, subsequent to her leaving the hospital, the plaintiff was present at the coroner's inquest and heard Lieutenant Anderson read this statement, she was asked by the defendants whether she made any objection to this statement as read. The court excluded the question and the defendants excepted, claiming the plaintiff's conduct in failing to deny it, indicated that her statement as given was true. The court's ruling was correct. To have rendered this evidence admissible, it was incumbent upon the defendants to have established also that the plaintiff comprehended, had the opportunity to speak, and the circumstances naturally called for a reply from her. *State* v. *Yochelman,* 107 Conn. 148, 152, 139 Atl. 632. There was no error in the court's ruling and comment in excluding the photo-

graph of the Ponus Yacht Club, offered by the defendants. It was irrelevant and immaterial.

The parties were at issue as to whether Mrs. Weller was under the influence of intoxicating liquor while operating her car at the time of the collision. She testified that she had had nothing to drink either before or after the accident. Dr. Kuntz, interne at the hospital where she was admitted shortly after, called as a witness by the defendants, testified on direct examination that he examined her upon her admittance and noted an odor of alcohol on her breath. Cross-examination by plaintiff's counsel was calculated to show that this examination by him was merely cursory, and his testimony based upon his recollection of the routine as to examinations in the hospital rather than upon his specific recollection of this particular examination. To meet this and to corroborate the doctor's testimony, counsel for the defendants offered a page from her case record, kept in the usual course of business by the hospital, containing the notation that there was an odor of alcohol on Mrs. Weller's breath when admitted to the hospital. Upon objection, the court excluded the evidence. The defendants in offering it relied upon § 1675c of the Cumulative Supplement to the General Statutes, which appears in the footnote, to take it out of the hearsay rule.

Sec. 1675c. BUSINESS ENTRIES. Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible as evidence of such act, transaction, occurrence or event, if the trial judge shall find that it was made in the regular course of any business, and that it was the regular course of such business to make such writing or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter. Such writing or record shall not be rendered inadmissible by (1) a party's failure to produce as witnesses the person or persons who made the writing or record, or who have personal knowledge of the act,

Although the wording of this statute definitive of the entries to which it may be applicable is very inclusive, the act further sets forth explicitly two essential prerequisites to the admissibility of any such entry in evidence. These are that the trial judge must find, first, that the entry "was made in the regular course of . . . business;" and second, "that it was the regular course of such business to make such writing or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter." The present record contains only the court's finding of evidence offered of the first of these essentials, and is silent as to the second. Furthermore, since the finding does not show that the writing offered was marked as an exhibit, the ruling is not properly presented for review. *Roberti* v. *Barbieri,* 105 Conn. 539, 543, 136 Atl. 85. We cannot therefore hold that the court erred in excluding the paper offered.

Reference need be made to but two of the claimed errors predicated upon the alleged misconduct of plaintiff's counsel during the trial. Argument of counsel for the plaintiff to the jury that the defendants had produced testimony of drinking by the Wellers in order to save their "filthy money," and his interjection in connection with a photograph offered in evidence by the defendants that "Mrs. Weller was in the hospital and Mr. Weller dead when that was taken," so far as the record before us discloses, were unwarranted and improper. However, the trial court has a very broad discretion in dealing with such conduct.

---

transaction, occurrence or event recorded or (2) the party's failure to show that such persons are unavailable as witnesses. Either of such facts and all other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect the weight of such evidence, but not to affect its admissibility. The term "business" shall include business, profession, occupation and calling of every kind.

*Lebas* v. *Patriotic Assurance Co.*, 106 Conn. 119, 122, 127 Atl. 241. In the absence of any exception taken, motion for a mistrial, or request to charge filed by the defendants, we cannot say that the court's response thereto amounted to an abuse of discretion constituting reversible error.

There is no error.

In this opinion the other judges concurred.