[Civ. No. 18983.   Second Dist., Div. One.   Oct. 9, 1952.]

BIRDIE HARRIS, Appellant, v. JENNIE O. HARFMANN, Respondent.

Russell H. Pray and Eric A. Rose for Appellant.

Ball, Hunt & Hart for Respondent.

DRAPEAU, J.—Plaintiff, Birdie Harris, and defendant, Jennie O. Harfmann are sisters.  In July, 1949, plaintiff and defendant, their mother, and plaintiff's two small children left California on a trip by automobile to Oklahoma and return.

The trip had first been planned by the mother and defendant.  The mother wanted to investigate some property rentals of hers in Oklahoma and Colorado.  As first planned, the mother was to pay all expenses; defendant was to furnish and drive the car.

Then plaintiff decided that she would like to go too, and take her two children.  Plaintiff's older son was in Oklahoma, about to go into the army, and she wanted to see him.  So the first plans were changed, plaintiff and her two children were included in the party, and it was agreed that she was to pay for the gasoline and oil.

Plaintiff did so pay for the gasoline and oil until the trip came to an untimely end about a hundred miles east of Albu-

querque in New Mexico. There, while defendant was driving, her car skidded off the highway and turned over.

Plaintiff suffered fractured vertebrae in her spine, and other serious injuries. She suffered and will suffer pain. She was in the hospital in New Mexico and then was flown home to California.

The accident occurred on a two-lane highway, in the morning after daylight. It had been raining hard. The asphalt pavement was wet and slippery.

Defendant attempted to pass a truck going in the same direction as she was. While she was in her left lane, alongside the truck, a car coming in the opposite direction pulled out of his lane of traffic. This car was coming at high speed.

Confronted with this situation plaintiff took her foot off the gas pedal, and applied her brakes. Her car skidded, swung broadside to the road, turned over, and came to rest in a ditch.

Plaintiff brought this action for damages. A jury was waived and the issues were submitted to a trial judge. He found that plaintiff was a guest of defendant and that defendant was not driving heedlessly or with reckless disregard for the rights of others. Such is the language of the New Mexico guest law (Stats. N. M., 1941, § 68-1001.)

Plaintiff appeals from the judgment which followed. She contends that the trial court should have found that she was a paying passenger; that the New Mexico guest law did not apply, and she was entitled to the ordinary care due to a passenger for hire; or, even if the New Mexico guest law did apply, the conduct of defendant was such as to entitle plaintiff to recover.

As this case turns upon plaintiff's first contention, her second contention that the finding is contrary to the evidence need not here be considered. That feature of the case will be left for decision on a retrial.

While there are some differences in wording between the New Mexico and the California guest law, the intent and meaning of the two are so similar that it is proper to look to the California case law applying the guest-passenger relation in automobile cases, for the rule in this case.

The recent case of *Whitmore* v. *French,* 37 Cal.2d 744 [235 P.2d 3], decided by our Supreme Court in 1951, is controlling here. That case states the rule that where the driver receives a tangible benefit, monetary or otherwise, which is a motivating influence for furnishing the transportation, the rider is

a passenger and the driver is liable for ordinary negligence. And where one makes a substantial contribution toward the cost of the journey, as a matter of law he is a passenger and not a guest.

In the Whitmore case two couples on a pleasure trip each contributed to a joint fund out of which expenses for gasoline and oil used in the automobile of one of the couples were paid. It was held that in these circumstances the parties riding in the car were passengers and not guests.

In the case at bar the agreement to pay for gas and oil used on the trip was such a substantial contribution as to make plaintiff a passenger, and the case should have been tried on the theory that defendant was bound to use ordinary care in driving her automobile.

The judgment is reversed, and the cause remanded for a new trial.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied October 30, 1952, and respondent's petition for a hearing by the Supreme Court was denied December 4, 1952. Edmonds, J., and Schauer, J., were of the opinion that the petition should be granted.