292 P.2d 779

**Ralph HOBBS and Verna Hobbs, his Wife, Plaintiffs-Appellants,**

v.

**Paul C. IRWIN, Defendant-Appellee.**

No. 5994.

Supreme Court of New Mexico.

Jan. 18, 1956.

480

Robinson, Traub & Dolan, Albuquerque, for appellants.

Quincy D. Adams, James H. Foley, Albuquerque, for appellee.

LUJAN, Justice.

Ralph Hobbs and Verna Hobbs, his wife, brought suit in the district court of Bernalillo County, against Paul C. Irwin, seeking to recover damages for personal injuries allegedly sustained by Verna Hobbs, in the sum of $20,000; and for loss of his wife's services, and money expended for hospital, drugs and doctors' bills by Ralph Hobbs in the sum of $6,241.55.

The complaint alleged under count one:

"2. That on the 19th day of June, 1953, and at all times material hereto the defendant owned, operated and controlled a certain DeSoto Automobile; that on or about the 19th day of June, 1953, the plaintiff, Verna Hobbs was standing at or near a point on the west side of the Middle Rio Grande Conservation District Irrigation Canal, about one mile North of the Corarales-Alameda Road, approximately one mile west of the village of Alameda, New Mexico, when, at said time and place, the De Soto automobile owned, operated and controlled by the defendant was by said defendant so negligently and carelessly maintained, operated, driven and controlled as to cause the same to, and the same

did, violently collide with the person of the plaintiff, Verna Hobbs, knocking her violently to the ground and proximately inflicting upon her severe personal injuries hereinafter more particularly described."

Under the second count of the complaint it is alleged:

"3. That as a direct and proximate result of the carelessness and negligence of the defendant the plaintiff, Ralph Hobbs was forced to engage the services of a physician to treat and care for the injury to his wife, Verna Hobbs; that the plaintiff, Ralph Hobbs has incurred expenses for services of a physician and surgeon, x-rays, medical and surgical treatment, medication and drugs, supplies and equipment by reason of the injuries sustained by the plaintiff, Verna Hobbs hereinabove set forth, which to date hereof are in the sum of $241.55, to plaintiff, Ralph Hobbs; that the plaintiff, Ralph Hobbs is informed and believes and on such information and belief alleges that he will be required to expend sums in the future for further services of physicians and surgeons, medical and surgical treatment and for medication and supplies the reasonable value of which is the sum of $1000.00, all to his damage in the sum of $1241.55.

"4. That as a direct and proximate result of the negligence of the defendant, as aforesaid, the plaintiff, Ralph Hobbs has been deprived of the services of his wife, Verna Hobbs in that she has been rendered incapable of performing natural domestic duties of a wife; that the plaintiff, Ralph Hobbs has been informed and believes and upon information and belief alleges that his wife, Verna Hobbs will be and she is permanently rendered incapable of performing her natural domestic services to the marital union, all to his damage in the sum of $5000.-00."

Defendant filed an answer consisting of a general denial and affirmative defenses based upon the guest statute, and the doctrine of contributory negligence.

Thereafter a motion for summary judgment, based upon the guest statute, was filed by the defendant and after a hearing on same the court made and entered a judgment accordingly, and plaintiffs appeal.

The respective parties stipulated as to the following facts: That on or about June 19, 1953, Paul C. Irwin invited Ralph Hobbs and Verna Hobbs, his wife, to go on a fishing trip with him in his automobile; that on said date Paul C. Irwin went to an address in Albuquerque where he picked up Ralph Hobbs and Verna Hobbs,

his wife, it then being the intention that they would go to some point near Alameda, New Mexico, where they would fish in an irrigation ditch which paralleled the Rio Grande; that it was the intention of all the parties that Paul C. Irwin would take the Hobbs on this fishing trip in his automobile; that they would fish for a few hours and that Irwin would then take the Hobbs back to the place in Albuquerque where they were staying in the same automobile; that they proceeded on this trip, leaving Albuquerque at approximately 2:15 p. m., Irwin driving his automobile, Verna Hobbs riding in the front seat by his side and Ralph Hobbs riding in the rear seat; that they proceeded to a point near the Alameda Bridge across the Rio Grande where they turned off the main highway and drove north on a narrow road alongside the irrigation ditch where they planned to fish; that they finally came to a point where it was their intention to turn the automobile around in the opposite direction and then proceed to fish; that at this point the road was very narrow and it was necessary to back the rear end of the car into a wide place on the west side of the road so that it could be turned and face in the opposite direction; that at this point the automobile was stopped and Ralph Hobbs got out of the rear seat with the intention of assisting Paul C. Irwin in making this backing maneuver, that is, Ralph Hobbs would attempt to guide or direct him in the process

of backing the automobile which fact was known to Verna Hobbs; that while the car was still stopped Verna Hobbs got out of the front seat and stood on the side of the road facing the irrigation ditch with her back towards the automobile and at a place approximately between the right front door and the front bumper of the automobile and near enough to the automobile that when the driver backed the automobile and turned the steering wheel so as to cause the rear end of the automobile to go to the left the right side of the front bumper struck Verna Hobbs on her left leg between the knee and the ankle injuring her; that immediately after this happened Verna Hobbs was placed in the automobile and taken back to Albuquerque for medical attention, Paul C. Irwin still driving the automobile; that it was not the intention of any of the parties that the Hobbs should pay, and they did not pay Paul C. Irwin anything on account of said trip during which the accident occurred.

The sole question on this appeal is, whether the status of the plaintiff, Verna Hobbs, at the time of the accident was, as a matter of law, that of a "guest", without payment for such transportation, within the meaning of the guest statute, Section 64–24–1, 1953 Compilation, which reads as follows:

"No person transported by the owner or operator of a motor vehicle as his guest without payment for such

transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator or caused by his heedlessness or his reckless disregard of the rights of others."

Plaintiffs (appellants) seriously contend that the gratuitous undertaking of the defendant, already begun, was interrupted when the plaintiff, Verna Hobbs, had alighted from the car, so that it had actually terminated and had not come into existence again at the time she was injured. We are unable to agree with this contention.

The stopping and backing of the car which was for the common purpose of placing it in a position for the return trip to Albuquerque, after the defendant and his guests had finished fishing, was an incidental part of the transportation, and a part of the undertaking would not have been completed unless and until the car had been turned around for the return trip.

The undisputed facts show that there was a definite arrangement, entirely gratuitous, to transport the plaintiffs on a fishing trip to the Alameda area; that they and the defendant were to fish in the irrigation ditch, and thereafter they were to be driven back to Albuquerque by the defendant in his automobile. Clearly the act of the defendant in turning the car around in order that it be headed towards Albuquerque for the return trip was necessarily incidental to the accomplishment of the gratuitous undertaking, in order to carry out the prearranged purpose of the trip. Cf. Bragdon v. Dinsmore, 312 Mass. 628, 45 N.E.2d 833, 146 A.L.R. 680. See, also, Castle v. McKeown, 327 Mich. 518, 42 N.W.2d 733; Marsh v. Hogeboom, 167 Kan. 349, 205 P.2d 1190; Nemoitin v. Berger, 111 Conn. 88, 149 A. 233.

We conclude that the plaintiff, Verna Hobbs, was a guest within the meaning of Section 64–24–1 supra, whether in or out of the car, and remained a guest while the car was being turned around for its return trip home, and that the accident was neither intentional on the part of the defendant nor caused through heedlessness or reckless disregard for the rights of the plaintiff, Verna Hobbs.

The judgment of the district court should be affirmed.

It is so ordered.

COMPTON, C. J., and SADLER and KIKER, JJ., concur.

McGHEE, J., dissents.