Mary B. DUNAKIN and Ray R. Dunakin, Plaintiffs,

v.

Robert L. THOMAS and Loba Thomas, Defendants.

Civ. No. 3142.

United States District Court
D. New Mexico.

June 15, 1956.

Edward E. Colby, Albuquerque, N. M., for plaintiffs.

Keleher & McLeod, Albuquerque, N. M., for defendants.

Ruth C. Streeter, Albuquerque, N. M., amicus curiae.

HATCH, Chief Judge.

Mary B. Dunakin and Ray R. Dunakin brought suit in the Second Judicial District Court of the State of New Mexico against Robert L. Thomas and Loba Thomas, seeking to recover damages for personal injuries allegedly sustained by Mary B. Dunakin and for money expended for hospital, drugs and doctor bills.

The defendants removed the suit to this Court and subsequently filed a motion for summary judgment on the ground that the case is one falling within the terms of the New Mexico guest statute, 64–24–1, N.M.S.A. 1953, which states:

"No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator or caused by his heedlessness or his reckless disregard of the rights of others."

The parties agreed that there is no question of heedlessness or reckless disregard on the part of the defendants, and the only issue is whether Mary B. Dunakin was a person being transported as a guest within the terms of the statute.

The facts alleged in the complaint and as agreed to by counsel are that on or about the 13th day of September, 1955, the plaintiff Mrs. Dunakin and her sister, defendant Mrs. Thomas, had been

shopping in downtown Albuquerque and were preparing to go home in a car driven by Mrs. Thomas and owned by her husband, defendant Robert L. Thomas. Defendant did not ask for nor was she offered any payment for the transportation. Plaintiff stated in her deposition that she was riding home with her sister, Mrs. Thomas, instead of riding the bus. Defendant went to the roof parking lot of the department store where they had been shopping and drove the Studebaker automobile down the ramp to the cashier's stand, where she stopped to pay the parking charges and to pick up plaintiff and her mother. Plaintiff opened the door on the passenger side of the two-door sedan and the mother entered the car and seated herself. Plaintiff was putting packages on the floor of the automobile and preparing to enter the car to be transported when the vehicle lurched forward causing the door to flip back, strike plaintiff and injure her by knocking her against the car post.

From the agreed statement of facts by counsel and from the pleadings, I am convinced the plaintiff, Mary B. Dunakin, at the time of the accident and the resulting injury to her was actually the guest of the defendant. Mrs. Dunakin had not entered defendant's car and the act of transporting her in defendant's moving automobile had not been commenced. Nevertheless, plaintiff's presence and acts were based upon her relationship as defendant's guest to be transported in defendant's car. Plaintiff's intentions and her actions are incompatible with any theory except that of being defendant's guest.

Several cases cited by defendants' counsel aid in construing the New Mexico statute.

While the facts are distinguishable from the present case, a recent New Mexico Supreme Court decision, Hobbs v. Irwin, 60 N.M. 479, 292 P.2d 779, held that even though the guest is not in the host's automobile at the time of the injury, if the acts immediately preceding or occurring at the time of the injury are incidental to the transportation, the guest statute does apply.

Entering a vehicle in preparation for transportation is certainly incidental to the actual transportation.

A decision from Massachusetts, Head v. Morton, 302 Mass. 273, 19 N.E.2d 22, 25, appears to be particularly in point. The plaintiff in that case had a hand on the door of the car and her foot was on the running board when the car moved and she was injured. The Massachusetts court said:

" 'It must be clear that the degree of the defendant's duty does not depend upon the physical position of the plaintiff at the moment of the accident, or upon whether she was then in the defendant's automobile or outside of it, or upon whether in every day language she would be described as a guest. The decree of the defendant's duty depends upon whether the act of the defendant claimed to be negligent was an act performed in the course of carrying out the gratuitous undertaking which the defendant has assumed.' * * * The real test is to determine whether a gratuitous undertaking of the defendant had begun when the plaintiff was injured."

Although in the present case, Mary B. Dunakin was at least partially outside the car when she was injured, the gratuitous undertaking of the defendant had begun when the defendant-driver stopped her car to pick up the plaintiff.

The New Mexico guest statute was adopted from the Connecticut guest statute and uses the same language. In interpreting the Connecticut statute in a case similar to the present one, the Supreme Court of Errors of Connecticut stated that when the guest enters a car to take his place for the purpose of immediate transportation he comes within the purview of the statute; he has then put himself under the care of the defendant. That the automobile has not started to move is not the controlling cir-

cumstance. Nemoitin v. Berger, 111 Conn. 88, 149 A. 233.

From the wording of the guest statute itself, and from the interpretation put upon the statute by the various courts, it seems clear that this plaintiff comes within the meaning of a person transported as a guest without payment.

The motion for summary judgment will be sustained.