324 P.2d 779

Victor PERINI and Pete Perini,

Plaintiffs-Appellants,

v.

Armando PERINI, Defendant-Appellee.

No. 6328.

Supreme Court of New Mexico.

April 24, 1958.

Reese, McCormick, Lusk & Paine, Lon P. Watkins, Carlsbad, for appellants.

Neal, Neumann & Neal, Carlsbad, for appellee.

LUJAN, Chief Justice.

This is an action for damages arising from an accident involving the driver of a motor vehicle and his two passengers. From a judgment in favor of the defendant-appellee Armando Perini, plaintiffs-appellants and appellee's brothers bring this appeal.

Condensing a rather elaborate statement of facts the gist of the situation is that three brothers decided to travel to Denver, Colorado, in a car belonging to one of them and share expenses. Being delayed in Denver, Colorado, for several days they decided on returning to leave about 1:30 p. m., and drive straight through to Carlsbad, New Mexico, a distance of some 560 miles, where they lived and worked. Appellee Armando drove the first lap to a point near the state line and relinquished the wheel to appellant Victor. Victor drove to near Santa Rosa, New Mexico, and requested Armando to relieve him. Near Roswell, New Mexico, Armando attempted to pass a pickup truck and lost control of the car which turned over four times injuring appellants. Appellant Victor Perini was asleep on the front seat and appellant Pete Perini was tuning the radio to keep himself awake at the time of the accident.

There are many points relied on for reversal, which cover several pages, but, as we view the case, the only questions pertinent are as follows: (1) Can passengers in a motor vehicle be contributorily negligent, and (2) is there sufficient evidence to substantiate the findings of facts and conclusions of law that appellee was negligent and appellants contributorily negligent. We answer yes to both questions.

The court below found as a conclusion of law that the appellants were not within the meaning of the New Mexico Guest Statute, 1953 Comp. § 64–24–1, but were engaged in a joint venture for a family purpose. There is ample evidence to support this conclusion and to set it forth in this opinion would be profitless.

The law is well established that a guest or passenger in an automobile can be contributorily negligent. As we stated in Silva v. Waldie, 42 N.M. 514, 82 P.2d 282, 286:

"The negligence of a driver is not imputed to his guest riding with him in an automobile over which the guest has no authority, where the guest has no control over the driver nor reason to suspect his carelessness. * * * But the guest is not absolved from personal care for his own safety. He must use such care as an ordinarily prudent person would exercise under the circumstances. See annotation in 18 A.L. R. 309."

The Ohio court also expressed this rule in Friedrich v. Baltimore & Ohio R. Co., 360 Pa. 515, 62 A.2d 760, 762, as follows:

"Contributory negligence of a guest will not be declared as a matter of law

unless in the face of known or obvious danger he has exhibited disregard for his own safety and made no effort to control the operation of the vehicle: (Citations) He may not sit idly by and permit himself to be driven carelessly to his injury where there are dangers reasonably manifest and known to him: (Citations.)"

Whether contributory negligence of an automobile passenger can be found as a matter of law or must be determined by the trier of facts depends upon the circumstances involved. As stated in Lea v. Gentry, 167 Tenn. 664, 73 S.W.2d 170, 173:

"The distinctive principle is this: When the facts show without dispute that the guest was conscious of the peril inherent in the driver's condition or conduct, the court may adjudge contributory negligence as a matter of law; but where either (1) the evidence is in conflict as to the facts of the occurrence, or (2) where reasonable minds may differ as to the effect of the undisputed facts of the situation disclosed on the consciousness or knowledge of the * * * driver, then the question is one for the jury."

■ The case at hand was tried to the court and after plaintiffs had presented their evidence the trial judge sustained a motion for judgment by the defendant. The court found appellants guilty of contributory negligence. This was based on various findings, as that they knew or should have known of the fatigue and drowsiness of the driver; should have observed the speed and manner of his driving; and the apparent failure of the driver to observe the pickup truck in front of him at such a distance that they could have warned him of the danger had they been watching.

■ The rule is so often stated as to seem almost trite when restating it that the findings of fact are to be liberally construed in support of the judgment of the court and where they are supported by substantial evidence, with reasonable inferences to be drawn therefrom, that they will not be disturbed on appeal. See Edwards v. Peterson, 61 N.M. 104, 295 P.2d 858, Greenfield v. Bruskas, 41 N.M. 346, 68 P. 2d 921 and Ashley v. Fearn, 64 N.M. 51, 323 P.2d 1093.

It would serve no useful purpose to set the evidence out in detail, but from testimony of appellants it can be summarized as follows: En route to Denver, Colorado, while Armando Perini was driving, he had to be reprimanded by his brothers for driving too fast. At one time he was traveling at or near 90 miles an hour and at another time missed a turn in the road because of excessive speed and failure to keep a proper lookout which caused them to travel an additional 100 miles. On reaching Denver, the funeral they had expected to attend was delayed, and after waiting for several days

they left Denver at about 1:30 p. m. for Carlsbad, New Mexico, intending to drive some 560 miles and get there as soon as possible in order to work the next day. Appellee Armando Perini drove the car from Denver, Colorado, to a point near the state line where appellant Victor Perini relieved him. Victor drove to a point near Santa Rosa, New Mexico, where he requested Armando to take over again because of fatigue. Prior to the accident all the brothers were riding in the front seat. By their own testimony Victor was asleep and Pete was "fooling with the radio because he had become sleepy and wanted the radio playing in order to help him stay awake." At this time appellee Armando was again driving at an excessive speed under the circumstances, some 65 miles an hour. The pickup truck driving in the same direction and on the proper side of the road had bright tail lights and reflectors and should have been seen for at least two miles. In spite of this appellee Armando did not see it in time to execute a safe passing maneuver. Neither did his passengers riding in the front seat with him. It is true that there was testimony that at one time appellant Pete Perini had offered to relieve the driver, but just when was not proved. It could have been on the trip to Denver, Colorado.

From all the facts in evidence we cannot say that the trial court erred in concluding that the appellants knew or should have known the dangers of their situation and had a duty to be on the lookout with the driver. If they had been alert the accident could have been prevented by timely warning. They should have realized that the trip was a long and tiresome one, the driver's tendency to drive too fast, and that he was subject to the same fatigue and drowsiness as they.

The judgment is affirmed.

It is so ordered.

McGHEE and COMPTON, JJ., and JOHN R. BRAND, D. J., concur.