346 P.2d 1086

Weldon S. MALOY, Appellant,

v.

Jess E. TAYLOR and Eva Taylor, his wife,
Appellees.

No. 6459.

Supreme Court of Arizona.

Dec. 2, 1959.

Rawlins, Davis, Christy, Kleinman & Burrus, and Chester J. Peterson, Phoenix, for appellant.

Anderson & Smith, Safford, for appellees.

ROBERT E. McGHEE, Judge.

The plaintiff below. Weldon S. Maloy, has appealed from the order of the Graham

County Superior Court granting the defendants Jess E. Taylor and Eva Taylor, his wife, a summary judgment dismissing plaintiff's complaint for damages arising out of a one-car accident in which the plaintiff was a rider in the automobile of defendant Jess E. Taylor in the State of New Mexico. Since the defendant Eva Taylor is involved only as the wife of defendant Jess E. Taylor, the parties will be referred to as plaintiff and defendant, as in the Court below.

Briefly, the facts are that the parties, residents of Safford, Arizona, had gone to Alpine, Arizona, to purchase jointly a lot upon which to park their individual vacation trailers and construct a restroom. The trip to Alpine was made in defendant's pick-up, which also pulled defendant's house trailer. On part of the journey the road goes through the western part of New Mexico. On the return trip the defendant capsized the pick-up truck in a mountainous area where the road was prepared with gravel prior to paving, causing injury to the plaintiff. The complaint alleged that the defendant "heedlessly and negligently operated the said pick-up truck in reckless disregard of the rights of the plaintiff * * *."

The action of the Court was based upon the pleadings and deposition of the parties, which show they had been friends for some years. On occasional automobile trips together their habit had been that if the automobile of one was used, the other would pay for the gasoline. Apparently this was true with respect to this trip, the plaintiff having purchased gasoline and having shared other expenses, such as groceries.

The defendant moved for summary judgment on the ground that the defendant was a guest and that under the terms of the New Mexico Guest Statute the depositions show no cause of action. Defendant's memorandum in support of the motion for summary judgment contended that in New Mexico the owner and operator of an automobile was not civilly liable to the rider if he were a "guest" within the term of the Act in the absence of heedless, reckless and wanton misconduct. Defendant further argued that the plaintiff did not come under a common exception to the guest acts which permits members of a joint enterprise to recover against each other without proof of the higher degree of negligence required under the guest statutes.

Plaintiff's sole assignment of error is that the Court erred in granting summary judgment because "There is a genuine issue of fact, namely, whether or not plaintiff and defendant Jess E. Taylor were on a joint venture at the time of the accident." Defendants in their answer brief set forth the following propositions of law:

"1. An appeal is limited to the issues and theory presented to the trial court.

"2. Joint venture is properly limited to cases of imputed negligence.

"3. Joint venture requires joint control of the operation and control of the vehicle."

Although, with certain exceptions, this Court has held to the first proposition of law, we feel that the case should be decided on the third question of joint venture, as this issue was briefed to the Court on the summary judgment issue below, and was first raised by the plaintiff himself. Rubens v. Costello, 75 Ariz. 5, 251 P.2d 306; and cases there cited. We are at loss to understand why plaintiff did not ask to amend his complaint to state the issue formally. The Court below perhaps would have been authorized to grant the motion for judgment subject to the right to amend, if it did not in fact decide the case on the question of joint venture. Baxter v. Harrison, 83 Ariz. 354, 321 P.2d 1019.

The New Mexico Guest Statute, N.M. Stats.Ann. § 64–24–1 (1953), is taken verbatim from the guest statute of the state of Connecticut and reads as follows:

"No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator or caused by his heedlessness or his reckless disregard of the rights of others."

See, Smith v. Meadows, 56 N.M. 242, 242 P.2d 1006.

■ Since the accident happened in the State of New Mexico, the law of that State governs all aspects of the tort liability. 11 Am.Jur., Conflict of Laws, Sec. 182; 60 C.J.S. Motor Vehicles § 259, note 71(1). Also, American Law Institute, Restatement of the Law of Conflicts of Law, Sec. 378.

■ The term "joint venture" or "joint enterprise" in the law of negligence is synonymous with the term "the prosecution of a common purpose," Rodgers v. Saxton, 305 Pa. 479, 158 A. 166, 169, 80 A.L.R. 280, and connotes "community of interests in the objects or purposes of the undertaking, and an equal right to direct and govern the movements and conduct of each other with respect thereto. Each must have some voice and right to be heard in its control or management." 38 Am.Jur., Negligence, Sec. 237; Weller v. Fish Transport Co., 123 Conn. 49, 192 A. 317.

In West v. Soto, 85 Ariz. 255, 262, 336 P.2d 153, 157, this Court stated that, to constitute a joint venture or enterprise, each of the parties must have

"* * * authority to act for all in respect to the control of the means or agencies employed to execute such common purpose."

In the past some courts have held that if one party to a joint enterprise were injured through the negligence of another, the negligence of the party doing the harm was imputed to the other. The modern view seems to be well stated in the case of Bushnell v. Bushnell, 103 Conn. 583, 131 A. 432, at page 434, 44 A.L.R. 785:

"He who in the process of a joint enterprise is engaged in operating a vehicle represents, in so doing, all who are associated with him in the enterprise, and, if he is negligent, any of them may look to him for damages upon the same basis as that upon which a principal holds an agent liable for his negligent conduct."

■ The New Mexico Supreme Court has followed the general rule that in order for drivers to be held participants in a joint enterprise there must be present the element of voice in the direction of the operation of the car or control over the driver, but has not clearly indicated how far it would go in a situation where there is an agreement to share expenses. Silva v. Waldie, 42 N.M. 514, 82 P.2d 282. The Connecticut Court has stated the essential elements to a joint enterprise:

"These include at least a common purpose, a community of interest in the object of the enterprise, joint possession of the vehicle, and an equal right and authority to control its operation."

Weller v. Fish Transport Co., 123 Conn. 49, 192 A. 317, at page 320.

■ In determining the legal relationship between the parties under the Guest Statute of New Mexico, we feel that we must keep in mind the purpose of such statutes, as outlined by the Ohio Court:

"The Ohio Guest Act and similar acts in other states were undoubtedly enacted to carry out a policy of social equity to the effect that the owner or operator of an automobile should not be made liable to a guest riding therein to whom the owner or operator is doing a favor or is extending a courtesy, except for wilful or wanton misconduct on his part, and that a guest should assume the risk of ordinary negligence or acts which are less culpable than wilful or wanton misconduct. That being the spirit of the enactment, the motorist should be accorded the status which incurs the lesser liability unless his status is clearly and definitely changed by express consent or by facts constituting acquiescence on his part to a status which entails the greater liability.

"Since the liability of the motorist host to a person riding with him depends on the status of the latter, he, the latter, has the burden to establish such relationship as entitles him to recover for any injury to himself grow-

ing out of the operation of the motor vehicle by the motorist." Hasbrook v. Wingate, 152 Ohio St. 50, 87 N.E.2d 87, 89–90, 10 A.L.R.2d 1342.

Although the Ohio case dwells upon an attempt to construe certain contributions toward expense as "payment" by a passenger to take the transaction out of the contemplation of the terms of the guest act, we feel that the reasoning is just as valid when applied to an attempt to construe the acts of the parties as a joint enterprise, unless it is clearly shown that the parties by their conduct or by mutual understanding had engaged in a joint enterprise.

Plaintiff in his deposition clearly stated that he did not have equal right with the defendant to control the operation of the vehicle, which testimony was affirmed by the defendant, who further stated that when the plaintiff drove his car, the defendant did not exercise control over the plaintiff.

█ █ In a California case cited by the plaintiff, Roberts v. Craig, 124 Cal.App. 2d 202, 268 P.2d 500, 504, 43 A.L.R.2d 1146, the Court discusses the nature of the joint control required in a joint venture, stating:

"It is not sufficient that the parties have certain plans in common, but the community of interest must be such that the passenger is entitled to be heard in the control of the vehicle.

(Citing authorities). Most of the cases indicate that the common interest must be of some business nature."

The record is void of any evidence that the plaintiff had or felt that he had the right to control the manner of driving by the defendant. In fact the evidence shows he clearly did not have such right of control. As stated by the Supreme Court of Kansas:

"In determining the passenger's right to equal control we have held that it is not the fact that he does or does not give directions, but rather, the understanding between the parties that he has the right and is possessed of equal authority to prescribe conditions of use and operations." Schmid v. Eslick, 181 Kan. 997, 317 P.2d 459, at page 465.

█ The practice of sharing expenses had been an established practice of the parties for several years in their social trips with each other and there is no showing that any of the trips, including the one in question, were made upon an express condition that expenses be shared. There is a wide range of situations involving the role of an agreement to share expenses as determinative of the relationship of the rider to the driver as guest or passenger, but even in that case the intent of the parties is the important factor. 60 C.J.S. Motor Vehicles § 399(5); Bushouse v. Brom,.

297 Mich. 616, 298 N.W. 303. However, since there is no contention that the plaintiff was 'a' paying passenger, the citations of the parties on this issue are not in point.

 Plaintiff cites several decisions of this Court to the effect that a summary judgment should not be given unless the facts are clear and undisputed. Cress v. Switzer, 61 Ariz. 405, 150 P.2d 86; Northen v. Elledge, 72 Ariz. 166, 232 P.2d 111. We feel that there was no material difference between the testimony of the plaintiff and defendant on their depositions and that there remains no controversy on a factual question; that in fact the evidence is clear that there was present no agreement or understanding that the plaintiff should exercise joint control of the vehicle. Thus there was no genuine issue of material fact to submit to the jury, and the summary judgment was proper. Perez v. Tomberlin, 86 Ariz. 66, 340 P.2d 982, and Arizona cases there cited.

Judgment affirmed.

PHELPS, C. J., and JOHNSON and UDALL, JJ., concurring.

STRUCKMEYER, J., having disqualified himself, the Honorable ROBERT E. McGHEE, Judge of the Superior Court, Gila County, was called to sit in his stead and participate in the determination of this appeal.

BERNSTEIN, Justice (specially concurring).

The sole error assigned by appellant to the granting by the trial court of defendant's motion for summary judgment is that there is a genuine issue of fact whether or not appellant and defendant were on a "joint venture" at the time of the accident. On that issue I agree with the majority of the Court that, as a matter of law, plaintiff and defendant were not on a "joint venture" as that term has been interpreted by the courts of New Mexico and by other courts generally, and that there is no genuine issue of fact relating thereto. See Silva v. Waldie, 42 N.M. 514, 82 P.2d 282; West v. Soto, 85 Ariz. 255, 336 P.2d 153.

The very narrow statement by appellant of the question on appeal, however, obfuscates the issue properly relevant to the New Mexico Guest Statute and requires further analysis.

The term "joint venture" has significance, generally, if not exclusively, in cases involving the issue of imputed negligence. In such cases, a third party sues or is being sued by a passenger of another car and seeks to impute to such passenger the negligence of the driver of the other car. The rule there is that the negligence of the driver will be imputed to his passenger if both are engaged in a "joint venture", which is limited to the situation where the passenger has an equal right with the driver to direct and control the operation of the car. West v. Soto, supra; Silva v. Waldie, supra; Schmid v. Eslick, 181 Kan.

997, 317 P.2d 459. Such a narrow construction of "joint venture" suggests the reluctance of the courts to hold a person liable in such case solely for the negligence of another party.

Here, by phrasing the question on appeal in terms of "joint venture," appellant has gratuitously cast himself into the position of having to satisfy a test significantly stricter than one which might otherwise have resolved this appeal in his favor. Thus, although a finding of "joint venture" may preclude one of the parties thereto from being a "guest without payment," the latter statutory term does not include all relationships other than "joint venture." Indeed, there is authority to support the proposition that appellant here was not a "guest without payment" within the meaning of the New Mexico Guest Statute (Harris v. Harfmann, 113 Cal.App.2d 615, 248 P.2d 501; cf. Perini v. Perini, 64 N.M. 79, 324 P.2d 779; see, Hobbs v. Irwin, 60 N.M. 479, 292 P.2d 779; Dunakin v. Thomas, D.C.D.N.M., 141 F.Supp. 377; Woolf v. Holton, 240 Mo.App. 1123, 224 S.W.2d 861), or that, at the least, he was entitled to have that status resolved by the jury (Duff v. Schaefer Ambulance Service, 132 Cal.App.2d 655, 283 P.2d 91, 99; see 2 Harper & James, Law of Torts, § 16.15 p. 961 [1956]; cf. Mercer v. Vinson, 85 Ariz. 280, 336 P.2d 854).

My concurrence, therefore, is based on the belief not that the appellant is not a "guest without payment" within the meaning of the New Mexico Guest Statute, but that he has failed to support the sole issue of "joint venture" raised by him.

No citation of authority is needed for the proposition that this Court will confine itself to the errors assigned by appellants and to the issues raised by the parties. The administration of justice requires compliance with rules properly designed to facilitate the resolution of issues by the courts.