**Eunice M. HUME, Appellant,**

v.

**Delbert Lee CRANE, Respondent.**

**No. 48625.**

Supreme Court of Missouri,

Division No. 2.

Jan. 8, 1962.

 

Arnold & Trammell, Dexter, for appellant.

Blanton & Blanton, Sikeston, for respondent.

BARRETT, Commissioner.

In July 1957, Eunice Robinson and her then husband, Clarence O. Robinson, left Stoddard County and with their daughter and son-in-law, Delbert L. Crane, made a trip to California in the son-in-law's 1957 Buick automobile. On the return trip, with Mr. Robinson driving, the automobile skidded on wet pavement, left Highway 66 and overturned near Santa Rosa, New Mexico. Mr. Robinson died as a result of the accident and Mrs. Robinson was injured. To recover damages for her injuries Mrs. Robinson instituted a suit against the administrator of her husband's estate in the Circuit Court of Stoddard County. The suit was in two counts, both alleging certain specific acts of negligence on the part of her husband and the fact that she and her husband were *guests* of their son-in-law. The first count was designed to bring her action within the New Mexico guest statute and so it was alleged that the accident and Mrs. Robinson's injuries were "caused by his (the husband's) heedlessness or his reckless disregard of the rights of others." 9 N.M.S.A., Sec. 64–24–1. The second and alternative count alleged the same specific acts as ordinary negligence. The circuit court dismissed the suit and upon Mrs. Robinson's appeal to this court, following Romero v. Romero, 58 N.M. 201, 269 P.2d 748, it was held that she could not maintain the action. Specifically, this court held that "under New Mexico law a wife does not have a cause of action against her husband for personal injuries sustained during coverture through his negligent acts." Robinson v. Gaines, (Mo.) 331 S.W.2d 653, 658. Incidentally, speaking of the married women's act, the New Mexico court had said, "we are of opinion, and so hold, that it did not create a substantive right of action against her husband for a tort committed against her." Romero v. Romero, 58 N.M. l.c. 205, 269 P.2d l.c. 750. And see annotation 43 A.L.R.2d 632, 639.

Mrs. Robinson, now Mrs. Hume, being unsuccessful in her action against the administrator of her former husband's estate, has instituted, in the Circuit Court of Stoddard County, this action against her son-in-law, Delbert Crane, who was riding in the front seat with his father-in-law when the automobile left the pavement and overturned. This suit is also in two counts and alleges that the automobile was being driven by Mrs. Hume's then husband, and it alleges in general the same specific acts of negligence as were alleged in the former action. And, the first count in this action, evidently by reason of the New Mexico guest statute, alleges that the automobile overturned because of Mr. Robinson's "heedlessness, and reckless disregard" of his former wife's safety and rights. The second count alleges the specific acts as ordinary negligence. Aside from the fact that this action is against Mrs. Hume's son-in-law rather than her deceased husband, the distinguishing and principal difference in the two actions is that in this one it is al-

leged that "The defendant, Delbert Lee Crane, the said Clarence Otis Robinson, Virginia Crane (the wife of the defendant), and the plaintiff were at the time on a *joint enterprise and joint journey,* and on their return trip to their home in Dexter, Missouri, from a visit with relatives in the State of California, *and all of such negligence, heedlessness, and reckless disregard* of the said Clarence Otis Robinson for the plaintiff's rights and safety *were at the time and are now imputed to the defendant."*

■ In this action there were motions to dismiss the plaintiff's petition, an alternative motion to strike the second count and a motion to require an election between counts, and again the circuit court has dismissed the plaintiff's action. Thus the question presented, says the appellant plaintiff, is "Does the petition state a cause of action against the respondent, who was the owner and occupant of the car involved in the accident, and who was riding on the right side of the front seat thereof and by the side of the driver, Clarence Otis Robinson, all while on a joint enterprise?" In support of her appeal the appellant contends that the New Mexico guest statute applies only to third persons, not as between members of a joint enterprise, that in a joint enterprise coadventurers owe one another the duty of exercising ordinary care, that the negligence of the driver, Mr. Robinson, is imputed to the defendant-owner of the automobile and he is therefore liable in damages to the plaintiff, who was also a member of the joint enterprise.

We are not concerned here with whether the petition alleges, as a matter of fact, a joint enterprise within the meaning of the law of New Mexico (Maloy v. Taylor, 86 Ariz. 356, 346 P.2d 1086), because the respondent assumes "that the parties involved were engaged in a joint enterprise at the time of the occurrence of the accident." Furthermore, it is not necessary to a disposition of this appeal to consider the rationale of "joint enterprise," this doctrine of vicarious tort liability, chiefly in the field of automobile negligence law, is of recent origin and, although established, at this stage in its development but imperfectly articulated. Prosser, Torts, Sec. 65, p. 363; 2 Harper & James, Torts, Secs. 26.13–26.14, pp. 1413–1418; 16 Cor. L.Q. 320; 15 Minn.L.R. 644. In actions involving joint enterprise guest statutes create an additional problem (4 Blashfield, Cyclopedia of Automobile Law, Sec. 2373, pp. 503–504), generally such statutes extinguish the liability of the owner-driver of a motor vehicle to gratuitous passengers injured through ordinary or simple negligence. But, in defining their applicability, guest statutes, including New Mexico's, usually provide, either directly or indirectly, that they do not control when the passenger was carried for "payment," "compensation," or "hire." In any event, "The relationship of joint adventurers between rider and driver may be regarded as inconsistent with the host-guest relationship, so that if the former is established it will follow that the rider's recovery is not barred by the guest statutes." Annotation 10 A.L.R.2d 1351, 1355; 5A Am.Jur., Sec. 521, p. 560.

In actions against third parties the doctrine of joint enterprise has often been employed defensively for the purpose of imputing a driver's negligence to his coadventurer-plaintiff, thereby establishing his contributory negligence. 5 Am.Jur., Sec. 496, p. 783; 65 C.J.S. Negligence § 158, p. 798. It has been held that the law of New Mexico is subject to this interpretation. Knudson v. Boren, 10 Cir., 261 F.2d 15. In the American Law Institute's restatement the emphasis of the doctrine is upon contributory negligence. 2 Restatement, Torts, Sec. 491. In actions between coadventurers, by one member of the enterprise against a coadventurer, the problem has been whether the concomitant of imputed negligence applies to that situation and bars recovery. Most of these actions have been by a passenger against the driv-

er, some of them in states with guest statutes. And in this situation, while there has not been complete unanimity of opinion, it is now generally recognized that one co-adventurer may maintain an action against another member of the enterprise for his negligence, particularly when the defendant is the driver-owner of the motor vehicle. "(T)he doctrine of imputed negligence is inapplicable to a member of a joint enterprise, or common adventurer, injured as the result of the negligence of the owner or operator of the automobile, while using it within the scope of the enterprise, where the action is between the parties to the enterprise." Annotations 62 A.L.R. 440, 442; 85 A.L.R. 630, 632. The underlying explanation of these cases is the elemental principle of tort liability that one is responsible for his own negligence, that even in a joint enterprise one joint adventurer owes the personal duty of due care to the other members of the enterprise. McCombs v. Ellsberry (Fellis), 337 Mo. 491, 502, 85 S.W.2d 135, 140; Ottmann v. Incorporated Village of Rockville Centre, 275 N.Y. 270, 9 N.E.2d 862.

■ New Mexico adopted the Connecticut guest statute and is presumed to have adopted that state's prior construction and interpretation of the act. Smith v. Meadows, 56 N.M. 242, 242 P.2d 1006; Maloy v. Taylor, supra. And Connecticut has held, in a tort action by a wife against her husband, that under its guest statute "there was no place for any imputation of his want of care to her, and the sole issues were those having to do with his negligence and her own contributory negligence. The doctrine of joint enterprise was wholly inapplicable to such a situation." Bushnell v. Bushnell, 103 Conn. 583, 588, 131 A. 432, 434, 44 A.L.R. 785. And, in an action between sisters, a California court has held, under the New Mexico guest statute, that a member of a joint enterprise is a passenger, not a guest, and therefore "the case should have been tried on the theory that defendant was bound to use ordinary care in driving her automobile." Harris v.

Harfmann, 113 Cal.App.2d 615, 617, 248 P.2d 501, 502. In a recent New Mexico case the trial court found as a conclusion of law that the parties "were engaged in a joint venture for a family purpose" and that therefore the action was not governed by the guest statute. On appeal it was held that the evidence supported a finding of the plaintiff's contributory negligence and that of course disposed of the appeal. The opinion is nevertheless a tacit recognition that the doctrine of imputed negligence is not applicable so as to bar an action between members of a joint enterprise. Perini v. Perini, 64 N.M. 79, 324 P.2d 779, 780.

Thus it is assumed, as the plaintiff urges, that under the law of New Mexico one co-adventurer may maintain an action against another member of the enterprise for his personal negligence, but that does not solve the problems of this appeal. The defendant, Mrs. Hume's son-in-law, was not driving the automobile and it is not even claimed that he breached any duty to his mother-in-law or that he was guilty of a personal act of negligence. It is sought here, by invoking the doctrine of joint enterprise and because he was the owner and present in the automobile (annotations 50 A.L.R.2d 1281; 147 A.L.R. 960), to impute the negligence of her husband, who was driving, to the son-in-law and thereby vicariously establish his liability to the plaintiff. And, she is attempting to impute negligence and liability in circumstances which the New Mexico court and this court, in her prior suit, have said "did not create a substantive right of action." Romero v. Romero, supra; Robinson v. Gaines, supra. If the theoretical basis of joint enterprise is agency and partnership there is a repugnant inconsistency in permitting one member of a joint venture to charge another member, who is personally without fault, with the misconduct of their mutual agent or partner. If the negligence of the plaintiff's former husband is chargeable to the son-in-law, it should by the same reasoning be likewise chargeable to the plain-

tiff who was also a member of the joint enterprise—"it would be a strange situation to impute negligence to only one of two equally faultless parties in the same position." Eagle Star Ins. Co. v. Bean, 9 Cir., 134 F.2d 755, 758. In these admitted circumstances the plaintiff does not have a cause of action against her coadventurer son-in-law, who is without personal fault, on the theory of imputing to him the negligence of her husband (against whom she had no cause of action) by reason of joint enterprise. Murphy v. Keating, 204 Minn. 269, 283 N.W. 389; 23 Minn.L.R. 666; Day v. Downey, 256 Ala. 587, 56 So.2d 656; Prosser, Torts, Sec. 65, p. 367. Accordingly the judgment is affirmed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All of the Judges concur.