525 P.2d 385

Harold KINDSCHI, Plaintiff-Appellant,

v.

Ormond Warren WILLIAMS and Alfonso
Cossell, Defendants-Appellees.

No. 1349.

Court of Appeals of New Mexico.

July 17, 1974.

Patrick L. Chowning, Albuquerque, for
plaintiff-appellant.

Eugene E. Klecan, Klecan & Roach, P.
A., Albuquerque, for defendants-appellees.

## OPINION

SUTIN, Judge.

Plaintiff appeals from a judgment for
defendants in a personal injury claim for
damages arising out of a one-car accident
in which car plaintiff was a passenger.
We affirm.

Plaintiff contends: (1) there was no ev-
idence of contributory negligence to war-
rant instructions on this defense, and (2) it
was erroneous to sustain defendants' objec-
tions to a question asked a police officer.

(1) *Contributory negligence was an is-
sue of fact*

Plaintiff and two defendants were
travelling together in a pickup truck on a
fishing trip towing a boat on a boat trailer.
Defendant Cossell was the owner of the
vehicle. Defendant Williams was driving
at the time of the accident. Plaintiff sat
between the defendants as a passenger.
The trip began at 5:00 a. m. while it was
dark and the lights of the vehicle were on.
It rained in the beginning of the trip, but

the rain got much heavier near the accident and it was raining at the time of the accident. Plaintiff knew that Williams passed two trucks and a camper-trailer during the rainstorm. He had some "apprehension" because of the dangers and troubles involved in passing cars, but he did not mention his apprehension. "Apprehension may refer to a fear, something vague, that obsesses and keeps one anxious about the future." Webster's Third New International Dictionary Unabridged (1966), p. 106. Plaintiff was dozing when the pickup truck slipped to the right side of the road on a downhill curve and went off the embankment.

■ In the absence of knowledge of the presence of danger or unsuitability of the driver, there is no duty for a passenger to keep a lookout for peril ahead whether he is asleep, Ford v. Etheridge, 71 N.M. 204, 377 P.2d 386 (1963), or not asleep. Paddock v. Schuelke, 81 N.M. 759, 473 P.2d 373 (Ct.App.1970).

■ However, contributory negligence becomes an issue of fact when the circumstances surrounding the accident are dangerous and the passenger falls asleep and entrusts his safety solely to the driver of the car. Perini v. Perini, 64 N.M. 79, 324 P.2d 779 (1958); Frank v. Markley, 315 Pa. 257, 173 A. 186 (1934); Oppenheim v. Barkin, 262 Mass. 281, 159 N.E. 628, 61 A.L.R. 1228 (1928); Annot. 28 A.L.R.2d 12, at 86.

*Perini,* supra, substituting dangerous weather conditions for a long and tiresome trip, said that:

From all the facts in evidence we cannot say that the trial court erred in concluding that the appellants knew or should have known the dangers of their situation and had a duty to be on the lookout with the driver. If they had been alert the accident could have been prevented by timely warning. . . .

■ In the instant case, the plaintiff was apprehensive about the danger of driving during a heavy rain. The circumstances here put the plaintiff on notice that he should exercise reasonable care for his own safety. With this knowledge he dozed. It is what he knows before dozing that is important.

Contributory negligence was an issue of fact. The evidence recited above is substantial and supports an instruction on contributory negligence. See Rogers v. Thomas, 81 N.M. 723, 472 P.2d 986 (Ct. App.1970).

The trial court did not err in giving instructions on contributory negligence.

*(2) No error in sustaining objection to question*

■ A police officer had been qualified by plaintiff as an expert. He was asked several times whether the vehicle had been on the wrong side of the road prior to going off the road. The plaintiff then asked the police officer the following question:

Q. And what is the significance of all those measurements in your determination of the location of the truck immediately before it went off the road?

The trial court sustained defendants' objection because there was no factual foundation, and the answer the police officer might give would be sheer speculation.

Plaintiff did not tender an offer of proof of the officer's answer to the question. The claimed error is not preserved for review. Wood v. Citizens Standard Life Insurance Company, 82 N.M. 271, 480 P.2d 161 (1971).

Affirmed.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.